

1   MATTHEW RIGHETTI, State Bar No. 121012
    JOHN GLUGOSKI State Bar No. 191551
2   MICHAEL RIGHETTI State Bar No. 258541
3   RIGHETTI GLUGOSKI, P.C.
    456 Montgomery Street, Suite 1400
4   San Francisco, CA 94101
5   Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
    Email: matt@righettilaw.com
6   Email: jglugoski@righettilaw.com
    Email: mike@righettilaw.com
7

8   RICHARD HOYER State Bar No. 51931
    RYAN HICKS State Bar No. 260284
9   ATTORNEY AT LAW
10  HOYER & ASSOCIATES
    Four Embarcadero Center, Suite 1400
11  San Francisco, CA 94111
    Telephone:  415.766.3536/ Facsimile: 415.276.1738
12  Email:rhoyer@hoyerlaw.com
13  Email: RHicks@hoyerlaw.com

14          UNITED STATES DISTRICT COURT FOR THE

15          NORTHERN DISTRICT OF CALIFORNIA

16

17  Olivia Guilbaud, Marques Lilly,        Case No.:
    and Michael Wong and all others        CV 13 4357
18  similarly situated,                    CLASS ACTION

19

20          Plaintiffs,
                                           COMPLAINT FOR VIOLATION OF:
21  Sprint Nextel Corporation and
    Sprint/United Management Co., Inc.     1. CALIFORNIA LABOR CODE
22  And DOES 1-100 inclusive,              2. VIOLATION OF FLSA
                                           3. VIOLATION OF BUSINESS
23                                            AND PROFESSIONS
                                              CODE SECTION 17200
24
            Defendants.
25  _____/

26

27

28

                            1
                        COMPLAINT

Comes the representative Plaintiffs, Olivia Guilbaud, Marques Lilly, and Michael Wong and file this lawsuit against Defendants Sprint Nextel Corporation and Sprint/United Management Co., Inc. for themselves and all other similarly situated, for legal relief to redress unlawful violations of Plaintiffs' rights under the Fair Labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of the FLSA by Sprint Nextel Corporation and Sprint/United Management Co., Inc., (collectively, "Sprint" and/or "Defendants") which have deprived the named Plaintiffs, as well as others similarly situated to the named Plaintiffs, of their lawful wages. The suit is brought on behalf of the named Plaintiffs and all others similarly situated, pursuant to both California law and § 216(b) of the FLSA.

## JURISDICTION AND VENUE

1.     Jurisdiction over Plaintiffs' federal claims is based upon: (a) Section 16(b) of the FLSA, 29 U.S.C. § 216(b), which authorized employees to bring civil actions in courts of appropriate jurisdiction to recover damages for an employers' failure to pay overtime wages as required by the FLSA; and (b) 29 U.S.C. §§ 1331 and 1337.

2.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all times material herein, Defendants Sprint Nextel Corporation and Sprint/United Management Co., Inc. have been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

3.     Jurisdiction over Plaintiffs' state law class action claims under the California Labor Code and the claim under §17200 of the California Business and Professions Code are based upon this Court's supplemental jurisdiction under 28 U.S.C. § 1367(a), because the state law claims are so related to Plaintiffs' federal claims that they form a part of the same case or controversy between Plaintiff and Defendants.

**INTRODUCTION**

4.      The Plaintiffs were employees for the Defendants, and bring this action as a collective action in accordance with 29 U.S.C. §216(b) of the FLSA against the Defendants on behalf of themselves and all others similarly situated because of Defendants' unlawful deprivation of Plaintiffs' rights to all wages owed.    Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 and compensation, damages, equitable and other relief available under the FLSA, as amended 29 U.S.C. § 201 *et seq.*   Plaintiffs also seek relief on a collective and class-wide basis challenging the unlawful business practice engaged in by Defendants of failing to compensate Plaintiffs and all others similarly situated for all wages owed.

5.      Defendants are in the business of selling mobile telephone services and devices out of their retail stores. Sprint operates its business in all fifty states, including the State of California.

6.      The Retail Consultants ("RCs"), Lead Retail Consultants ("LRCs") and Assistant Store Managers ("ASMs") (hereinafter "Sprint Employees") work at Sprint's retail stores and are paid on an hourly basis.  The Sprint Employees are expected to sell Sprint's products and services to customers in Sprint's retail locations. Sprint Employees are not compensated by Defendant for all hours worked.

7.      The FLSA claim is brought under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as a nation-wide "opt-in" collective action (hereinafter "the FLSA Action").   The FLSA Action is brought on behalf of all persons in the United States who have been, are and/or will be employed by Defendants as Retail Consultants, Lead Retail Consultants, and/or Assistant Store Managers who worked the first shift of any day during the period three years prior to the date that this lawsuit was filed through the date of judgment (hereinafter "the FLSA Employees").  The FLSA Action seeks to (i) recover unpaid wages and overtime

1  compensation owed to the FLSA Employees, (ii) obtain an equal amount in
2  liquidated damages, as provided by Section 16(b) of the FLSA, and (iii) recover
3  reasonable attorneys' fees and costs of the action, as provided for by Section 16(b)
4  of the FLSA.

5      8.      Plaintiffs also assert various claims under California law as a
6  conventional "opt-out" class action under Rule 23 of the Federal Rules of Civil
7  Procedure ("the California Class"). The California Class Action is brought on
8  behalf of all persons who have been, are and/or will be employed by Defendants in
9  the position of Retail Consultants, Lead Retail Consultants, and/or Assistant Store
10 Managers in the State of California at any time during the period four years prior
11 to the date that this lawsuit was filed through the date of judgment. The California
12 class has claims based upon the same unlawful business practice of not paying
13 Sprint Employees wages and/or compensation for all hours worked as required
14 under the applicable California law including the Labor Code, UCL, and Wage
15 Orders. The California class also has claims based upon the illegal and unlawful
16 business practices of a) failing to pay the California class premium wages owed
17 for overtime hours worked based on the legally required "regular rate" including
18 any commission and/or bonus wage compensation. Plaintiffs are informed and
19 believe, and based thereon allege, that Sprint knew or should have known that
20 Plaintiffs and the other California class members were entitled to receive
21 premium wages for overtime compensation based on a regular rate that includes
22 commission and/or bonus wages and that neither Plaintiffs nor the California
23 class were receiving all minimum wages due and owing under the law for
24 overtime hours worked, and b) failing to timely pay the California class all wages
25 owed upon discharge or resignation. Plaintiffs and the other California class
26 members did not receive payment of all wages, including overtime and minimum
27 wages, within any time permissible under California Labor Code section 204,
28

4
COMPLAINT

and c) failing to provide Plaintiffs and the California class with complete and accurate payroll/wage statements and/or reports in accordance with California law.

9. The California class seeks to (i) recover daily and weekly unpaid compensation owed to the California class, (ii) waiting time penalties under Section 203 of the California Labor Code owed to those members of the sub-class whose employment with Sprint has terminated and who have not been timely paid all wages due to them upon termination of their employment, (iii) damages as permitted under California Labor Code Section 226, and (iv) recover reasonable attorneys' fees and costs as provided for by the California Labor Code.

10. Finally, the claim under Section 17200 of the California Business and Professions Code seeks equitable and injunctive relief enjoining Defendants from failing to make, keep and preserve the records required by the FLSA and California law. This claim also seeks to obtain (i) restitution as allowed by the UCL, and (ii) reasonable attorneys' fees and costs as provided for by Section 1021.5 of the California Code of Civil Procedure.

11. The FLSA Action is maintained as a collective action under 29 U.S.C. § 216(b) on behalf of all past, present and future employees of Defendant who have been, are and/or will be employed as Retail Consultants, Lead Retail Consultants, and/or Assistant Store Managers who worked the first shift of any day in the United States during the period three years prior to the date that this lawsuit was filed through the date of judgment. Plaintiffs are citizens of the United States, and reside in the State of California. At all times material herein, each of the named Plaintiffs has been employed by Defendants, in one of the positions of Retail Consultants, Lead Retail Consultants, and/or Assistant Store Managers. Plaintiffs are identified in the caption of the Complaint and have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b).

12. The California class is maintained on behalf of a class of past, present and future employees of Defendants who have been employed as Retail Consultants, Lead Retail Consultants, and/or Assistant Store Managers in the State of California at any time during the period four years prior to the date that this lawsuit was filed through the entry of judgment.

## THE PARTIES

13. The named Plaintiffs, Olivia Guilbaud, Marques Lilly, and Michael Wong are citizens of the United States residing in the state of California. Plaintiffs have standing to pursue the Third Claim for Relief under California Business and Professions Code Section 17200 on behalf of public interest. Plaintiffs Guilbaud and Lilly are former employees of Sprint, and Plaintiff Wong remains a Sprint employee. During their employment with Sprint, like other Sprint Employees, Plaintiffs regularly worked in excess of eight (8) hours in a workday and/or in excess of forty (40) hours in a workweek. Plaintiffs have not been paid all wages owed to them for all hours worked as required under the FLSA and California law. Plaintiffs have been injured by the illegal practices and conduct alleged in this complaint. Plaintiffs' claims under the FLSA and/or California law are similar to and typical of the claims of the FLSA Employees and the members of the California class.

14. On information and belief, Defendant Sprint Nextel Corporation is a corporation incorporated in the State of Kansas with its worldwide headquarters located at 6200 Sprint Parkway, Overland Park, KS 66251. Sprint Nextel Corporation is qualified to and does do business in the State of California and nationwide. Sprint/United Management Co., Inc., is a wholly owned subsidiary of Sprint Nextel Corporation, with its worldwide headquarters located at 6200 Sprint Parkway, Overland Park, KS 66251. Sprint Nextel Corporation is qualified to and does do business in the State of California and nationwide.

15. Defendants jointly maintain either actual or constructive control, oversight, or direction over the operations of its retail stores and employment practices applicable to Plaintiffs and the alleged class.

16. Defendants are subject to personal jurisdiction in the State of California for purposes of this lawsuit.

17. At all times material to this action, Sprint has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA, and has had a gross volume of sales which has exceeded $500,000.

18. At all times material to this action Defendants have been an "employer" of the named Plaintiffs, as defined by §203(d) of the FLSA.

## CLASS ACTION ALLEGATIONS

19. The California class may be appropriately maintained as a class action under Rule 23 because all of the prerequisites set forth under Rule 23 are met.

20. Members of the California class are so numerous that joinder of all such members is impracticable. Although exact size of the California class is unknown, it is believed and alleged that the number of persons currently employed as RCs, LRCs, and/or ASMs by Sprint in the State of California number more than 50, and over the past four years, it is believed and alleged that Sprint has employed more than 200 persons as RCs, LRCs, and/or ASMs in the State of California. The number of current and former California-based employees of Sprint is so numerous that joinder is impracticable if not impossible.

21. There are questions of law and fact common to the California class with respect to the liability issues, relief issues and anticipated affirmative defenses. For example, predominate common questions of fact and law include Defendant's policy and practice of expecting and requiring its employees to work without compensation for certain hours worked; the propriety of Defendant's record keeping

policies and practices; the propriety of Defendant's premium overtime calculations for weeks where commission and/or bonus is earned; whether all wages were timely paid to employees upon termination of employment; and whether the information provided to employees is compliant with the requirements of Labor Code 226. (Fed.R.Civ.P. 23(b)(3)).

22. The prosecution of separate actions by the California sub-class would create a risk of inconsistent or varying adjudications with respect to individual members of the California class that would establish incompatible standards of conduct for parties opposing the class. (Fed.R.Civ.P. 23(b)(1)(A).)

23. Plaintiffs will fairly and adequately protect the interests of the California class because they and their counsel possess the requisite resources and abilities to prosecute this case as a class action.

24. The prosecution of separate actions by the California class would create a risk of adjudications with respect to individual members of the class that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. (Fed.R.Civ.P. 23(b)(1)(B).)

25. The questions of law and fact common to the California class predominate over any questions affecting only individual class members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. (Fed.R.Civ.P. 23(b)(3).) More specifically,

    a. Members of the California class have little or no interest in individually controlling the prosecution of separate actions. (Fed.R.Civ.P. 23(b)(3)(A).)

    b. Plaintiff is not aware of any other litigation concerning the controversy already commenced by the California class. (Fed.R.Civ.P. 23(b)(3)(B).)

    c. It is desirable to concentrate the litigation of the claims in this

Court because Sprint does a substantial amount of business in this district;

d.     This action is manageable as a class action because, compared to any other method such as individual interventions or the consolidation of individual actions, a class action is more fair and efficient. (Fed.R.Civ.P. 23 (b)(3)(D).)

26.     Plaintiffs contemplate providing a notice or notices to the California class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all class members except those who affirmatively exclude themselves by timely opting out.

27.     Plaintiffs also contemplate providing a notice or notices to all of the FLSA Employees, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise each of the FLSA Employees that they shall be entitled to "opt into" the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA call members who timely request inclusion in the class.

**FIRST CLAIM FOR RELIEF FOR VIOLATION**

**OF THE FAIR LABOR STANDARDS ACTION OF 1938**

**(On Behalf of the FLSA Employees As Against Defendant)**

28.     Plaintiffs re-assert and re-allege the allegations set forth in Paragraphs 1 through 27, above excepting those paragraphs that are inconsistent with this cause of action brought pursuant to the FLSA.

29.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

30. Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees for all hours worked and for those who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked in the workweek in excess of forty (40) hours. Sprint is, and was, subject to this requirement to pay Sprint Employees both for all hours worked and one and one-half times the employees' regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendants violated the FLSA by failing to pay Sprint Employees for all hours worked during the opening shift.

31. Defendants have deprived Plaintiffs and the other Sprint Employees of wages earned by not paying the Sprint employees for all hours worked and not paying them premium wages for overtime hours worked.

32. Sprint's violations of the FLSA as alleged herein have been done in a willful and bad faith manner such that the FLSA Employees are entitled to damages equal to the amount of overtime premium pay within the three years preceding the filing of this complaint, plus periods of equitable tolling. As a result of the aforesaid willful violations of the FLSA, overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and similarly situated persons for which the Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees and costs.

33. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of Defendants and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by 29 U.S.C. § 211 and the regulations of the U.S. Department of Labor to maintain and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendants' liability can be ascertained.

## SECOND CLAIM FOR RELIEF FOR VIOLATIONS
## OF CALIFORNIA LAW

**(On Behalf of the California Class Only)**

34.     Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1 through 33 above, excepting those paragraphs that are inconsistent with this cause of action brought pursuant to California law.

35.     The Sprint Employees employed by Defendant are subject to the terms and conditions of the California Labor Code and California Wage Orders, found in the California Code of Regulations, at Title 8, Section 11000, et seq., as amended.

36.     The persons employed by Defendants as Sprint Employees in the State of California regularly, and as a matter of policy and practice, worked and do work hours in which they are paid nothing (i.e. necessary and indispensable pre-shift work activities that are required to be performed before clocking in, such as booting up the computers, among other tasks). Also, as a result of such pre-shift activities, the employees identified herein frequently work in excess of forty (40) hours in a workweek, and/or in excess of eight (8) hours in a day entitling them to payment of daily and weekly overtime pay under California Wage Orders and the California Labor Code. Defendant has failed to pay these persons all wages owed for all hours worked including correctly calculated premium overtime pay to which they are entitled, thereby violating California law. This is in violation of California Labor Code sections 1194, 1198 and 510 and the Industrial Welfare Commission ("IWC") Wage Order applicable to Defendants' business. Also during the relevant time period, Sprint intentionally and willfully failed to pay the minimum statutory overtime wages owed to Plaintiff and the other class members due to a miscalculation of the "regular rate." Plaintiffs and the other California class members are entitled to recover the unpaid balance of their minimum wages owed and/or overtime wages as well as interest, costs, and attorney's fees.

37.     Sprint does not comply with the requirements of Labor Code Section 226 which requires that "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part

of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee (and the last four digits of his or her social security number or an employee identification number other than a social security number *may* be shown on the itemized statement),

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

Sprint fails to provide accurate and complete information, as specified in items 1, 5 and 9 above as set forth in section 226(a).

38. California Labor Code Section 226(e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent

pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees." Plaintiffs and the California class members suffered injuries as defined and set forth in California Labor Code Section 226(e) because, in addition to Sprint's failure to provide accurate and complete information, as specified in items 1, 5 and 9 above as set forth in section 226(a), Plaintiffs and the California class could not "promptly and easily determine" from the wage statement alone the correct hourly rate in effect during the pay period (i.e., without reference to other documents or information).

39    During the class period, Sprint failed to provide Plaintiffs and the California class members with timely and accurate wage and hour statements showing gross wages earned, net wages earned, and all applicable hourly rates in effect during each pay period with the corresponding number of hours worked at each hourly rate by that individual.

40.    As alleged herein, Plaintiffs and the California class members are/were not exempt from the requirements of California's labor laws and regulations.  Plaintiffs and the California class members were and will be injured by Sprint's failure to comply with the aforementioned requirements for time records and wage statements.

41.    Based on Sprint's conduct as alleged herein, Defendants are liable to Plaintiffs and the California class members for damages for each labor code violation, injunctive relief, plus interest, attorneys' fees, expenses, and costs of suit.

42.    The California class is entitled to receive the unpaid wages due them under California law. In addition, the California class is entitled to recover interest on the amount of unpaid wage pay due them and reasonable attorneys' fees and costs of suit, pursuant to Section 1194(a) of the California Labor Code. In addition, Section 203 of the California Labor Code provides for the payment of

"waiting time penalties" if an employer does not properly pay all wages due an employee upon termination of the employee's employment. Sprint Employees in the State of California whose employment with Defendants has terminated have not been properly paid the wages that are due them upon termination of their employment. Accordingly, these class members are entitled to recover "waiting time penalties" under Section 203 of the California Labor Code.

## THIRD CLAIM FOR RELIEF FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200
### (On Behalf of the California Class Only)

43.     Plaintiffs reassert and re-allege the allegations set forth in Paragraphs 1 through 42, above excepting those paragraphs which are inconsistent with this cause of action for violations of the California Business and Professions Code § 17200.

44.     Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

45.     Defendants have engaged in, and continue to engage in the unlawful, unfair and fraudulent business practices alleged hereinabove in violation of Section 17200 of the California Business and Professions Code.

46.     These challenged policies and practices have harmed the named Plaintiffs, the members of the California class and the general public.

47.     As a result of these unlawful policies and practices, Plaintiffs are entitled to an injunction issue against Defendants, pursuant to Section 17203 of the California Business and Professions Code, to prevent them from engaging in such future unlawful, unfair and fraudulent business practices. Plaintiffs also are entitled to an order requiring Defendants to provide restitution to all persons who have suffered losses or injury as a result of these unlawful business practices, including but not limited to all Sprint Employees employed in California during the applicable limitations period.

48. Plaintiffs are entitled to an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure Section1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

1. Enter a declaratory judgment declaring that the Defendants have willfully and wrongfully violated their statutory and legal obligations and deprived Plantiffs and all other who are similarly situated of their rights, privileges, protections, compensation, benefits and entitlements under the law, as alleged herein;

2. Order a complete and accurate accounting of all the compensation to which the Plaintiffs and all others who are similarly situated are entitled;

3. For compensatory damages against Defendants to be paid to the FLSA Employees, including all wages and overtime pay owed to the FLSA Employees under the FLSA;

4. For liquidated damages against Defendants to be paid to the FLSA Employees under Section 16(b) of the FLSA;

5. For compensatory damages against Defendants to be paid to the California class, including all wages and overtime pay, and statutory damages for violation of California Labor Code Section 226 owed to the California class under California law;

6. For "waiting time penalties," pursuant to Section 203 of the California Labor Code, against Defendants to be paid to members of the California class whose employment has terminated with Defendants and who were not timely paid all wages due and owing to them at the time of such termination;

15
COMPLAINT

7.    For attorneys' fees and costs as allowed by Section 16(b) of the FLSA, Section 1194 of the California Labor Code, and Section 1021.5 of the California Code of Civil Procedure;

8.    For an order requiring Defendants to pay restitution for its unlawful conduct in the State of California; and

9.    For injunctive relief including, but not limited to, an Order enjoining Defendants from continuing to engage in the State of California in the unlawful business practices alleged herein; and

10.   Grant such other legal and equitable relief as may be just and proper.

DATED: September 18, 2013          RIGHETTI · GLUGOSKI, P.C.

Matthew Righetti,
Attorney for Plaintiffs

16
COMPLAINT