| | |
|---|---|
| 1 | MATTHEW RIGHETTI, State Bar No. 121012 |
| 2 | JOHN GLUGOSKI State Bar No. 191551 |
|   | MICHAEL RIGHETTI State Bar No. 258541 |
| 3 | RIGHETTI GLUGOSKI, P.C. |
|   | 456 Montgomery Street, Suite 1400 |
| 4 | San Francisco, CA 94101 |
|   | Telephone: (415) 983-0900 / Facsimile: (415) 397-9005 |
| 5 | Email: matt@righettilaw.com |
|   | Email: jglugoski@righettilaw.com |
| 6 | Email: mike@righettilaw.com |
| 7 | |
|   | Attorneys for Plaintiffs, the Collective and |
| 8 | Putative Class |

(caption on following page)

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated, | **Lead Case** CASE NO. 3:13-CV-04357-VC |
| Plaintiffs, | Hon. Vince Chhabria |
| vs. | |
| SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC., | |
| Defendants. | *Consolidated with* CASE NO. 3:14-CV-02642-VC |
| | Hon. Vince Chhabria |
| MICHAEL SMITH, on behalf of himself and all others similarly situated, | **PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMENDED REPLY** AND ORDER |
| Plaintiff, | |
| vs. | Date: October 30, 2014 Time: 10:00 a.m. |
| SPRINT/UNITED MANAGEMENT COMPANY, | Ctrm: 4 – San Francisco Courthouse Judge: Hon. Vince Chhabria |
| Defendant. | |

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

1
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMENDED REPLY

1  RICHARD HOYER State Bar No. 51931
   RYAN HICKS State Bar No. 260284
2  HOYER & ASSOCIATES
   Four Embarcadero Center, Suite 1400
3  San Francisco, CA 94111
4  Telephone: 415.766.3536/ Facsimile: 415.276.1738
   Email:rhoyer@hoyerlaw.com
5  Email: rhicks@hoyerlaw.com

6  TODD M. SCHNEIDER (SBN 158253)
   CAROLYN H. COTTRELL (SBN 166977)
7  NICOLE N. COON (SBN 286283)
8  SCHNEIDER WALLACE
   COTTRELL KONECKY LLP
9  180 Montgomery Street, Suite 2000
   San Francisco, California 94104
10 Telephone: (415) 421-7100
11 Facsimile: (415) 421-7105
   tschneider@schneiderwallace.com
12 ccottrell@schneiderwallace.com
   ncoon@schneiderwallace.com

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMENDED REPLY

## I. INTRODUCTION

Plaintiffs bring this Administrative Motion pursuant to Local Rule 7-11 and hereby seek leave to file an Amended Reply in support of their Motion for Conditional Certification and to Facilitate Notice under 29 U.S.C. § 216(b). Plaintiffs' Reply was timely filed on September 11, 2014. On September 17, 2014, Defendant filed a Motion to Strike Plaintiffs' Reply on the grounds that the font of the footnotes did not comply with the Court's 12-point font requirement. Defendant is correct in noting that the footnote font does not match the font in the main brief. The use of two fonts in the Reply was the result of inadvertence. Declaration of Matthew Righetti ("Righetti Decl."). Plaintiffs now seek to remedy the issue via an administrative motion seeking leave to file an amended reply that complies with the font requirements. The proposed amended reply is attached to the Righetti Decl. as Exhibit 1. It comports with the Local Rules 12-point font requirement as well as this Court's Standing Order, limiting reply briefs to 10 pages.

## II. LOCAL RULE 7-11 PROVIDES AUTHORITY FOR THIS MOTION

Civil Local Rule 7-11 provides authority for Administrative Motions. It reads:

7-11. Motion for Administrative Relief

The Court recognizes that during the course of case proceedings a party may require a Court order with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example.

(a) Form and Content of Motions. A motion for an order concerning a miscellaneous administrative matter may not exceed 5 pages (not counting declarations and exhibits), must set forth specifically the action requested and the reasons supporting the motion and must be accompanied by a proposed order and by either a stipulation under Civil L.R. 7-12 or by a declaration that explains why a stipulation could not be obtained. If the motion is manually filed, the moving party must deliver the motion and all attachments to all other parties on the same day as the motion is filed.

(b) Opposition to or Support for Motion for Administrative Relief. Any opposition to or support for a Motion for Administrative Relief may not exceed 5 pages (not counting declarations and exhibits), must set forth succinctly the reasons, must be accompanied by a proposed order, and must be filed no later than 4 days after the motion has been USDC Local Civil Rules - Effective February 3, 2014 CIV-29 filed. The opposition or support and all attachments to it, if manually filed, must be delivered to all other parties the same day it is manually filed.

(c) Action by the Court. Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted for immediate determination without hearing on the day after the opposition is due.

### III. PLAINTIFFS' MEET AND CONFER ATTEMPTS

Plaintiffs attempted to meet and confer with Defendant's counsel to resolve this footnote font-size issue via stipulation. Plaintiffs' counsel placed phone calls to each of the five different attorneys of record on September 19, 2014 Plaintiffs' counsel called Mr. Kane (two calls), Mr.

PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE AMENDED REPLY

Van Hook, Ms. Nguyen, Ms. Beldner and Mr. Mandel. Plaintiffs' counsel's calls either went directly to voicemail (Kane (twice), Van Hook, Nguyen), or he was informed by the receptionist that Defendant's counsel were not able to take his phone call (Mandel and Beldner). Plaintiffs' counsel left a voicemail on Mr. Mandel's voicemail. Plaintiffs' counsel then immediately followed up via email requesting a call back from any of the defense attorneys to discuss both this issue as well as Defendant's request to have its motion to strike heard on shortened time. *See* Righetti Decl., Exhibit 2. As of this filing date/time defense counsel has not returned any of the phone calls from Plaintiff's counsel. At 4:14 p.m. on Friday, September 19, 2014, Plaintiffs' counsel received an email from Ms. Beldner that defense counsel had received both the voicemail left with Mr. Mandel and the email from Plaintiffs' counsel. Ms. Beldner confirmed that defense counsel would not be returning any of the meet and confer phone calls made by Plaintiffs' counsel. Righetti Decl. Exhibit 3. Plaintiffs' counsel responded on September 19, 2014. Righetti Decl. Exhibit 4. Despite the attempts by Plaintiffs' counsel to meet and confer it appears this issue cannot be resolved via stipulation.

## IV. GOOD CAUSE EXISTS TO GRANT THIS ADMINISTRATIVE MOTION

Despite local rules' effect as law, a district judge has *inherent power* to excuse a party's failure to comply with local rules: "The district court's inherent discretion to depart from the letter of the Local Rules *extends to every Local Rule,* regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule." *Somlyo v. J. Lu–Rob Enterprises, Inc.*, 932 F.2d 1043, 1049 (2nd Cir. 1991) (emphasis added); *Phoenix Global Ventures, LLC v. Phoenix Hotel Assocs., Ltd.*, 422 F.3d 72, 76 (2nd Cir. 2005) (court may excuse failure to comply with local electronic case filing procedures for purpose of determining when motion made).

Defendant moves to strike Plaintiffs' Reply outright; however, there is a limitation on dismissal or default sanctions for violating local rules governing the *form* of pleadings or motions: "A local rule imposing a *requirement of form* must not be enforced in a way that causes a party to lose rights because of a *nonwillful* failure to comply." Fed. R. Civ. P. 83(a)(2) (emphasis added). Such documents are deemed constructively filed when delivered or tendered to the clerk. *Cintron v. Union Pac. R.R. Co.*, 813 F.2d 917, 919 (9th Cir. 1987).

Here, Plaintiffs failure to comply with the 12-point font requirement was not a deliberate ruse to avoid exceeding page limitations as Defendant suggests in its motion to strike. It was the result of inadvertent error. *See* Righetti Decl. Moreover, contrary to Defendant's tactics, this is not the type of issue that experienced counsel typically use to gain strategic advantage through motion practice. Had Defendant's counsel simply picked up the phone and informed Plaintiffs' counsel of the issue before filing a motion to strike, we could have easily solved this without any need for a motion to strike and an administrative motion to file an amended reply. Plaintiffs respectfully request leave to file the Amended Reply. To strike it outright and prevent Plaintiffs the opportunity to respond to Defendant's arguments would deprive Plaintiffs of their rights to file a Reply Brief pursuant to the Local Rule 7-10.

## V. CONCLUSION

Plaintiffs' failure to comply with the font requirement was inadvertent. Allowing Plaintiffs to file the Amended Reply conforming the footnote font to this Court's rules will in no way prejudice Defendant. In contrast, striking the reply and refusing to allow Plaintiffs to file an Amended Reply would prejudice Plaintiffs.

//

//

//

Accordingly, Plaintiffs respectfully request that the Court grant this administrative motion.

Respectfully submitted,

Dated: September 22, 2014    **RIGHETTI GLUGOSKI, P.C.**

/S/ Michael Righetti

Michael Righetti

Attorney For Plaintiffs

Date: September 30, 2014



GRANTED

Judge Vince Chhabria