UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>　　　　Defendant. | **Lead Case**<br><br>Case No. 13-cv-04357-VC |
| MICHAEL SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>　　　　Defendant. | *Consolidated with*<br><br>Case No. 14-cv-02642-VC<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Re: Dkt. No. 53 |

　　　The plaintiffs in these consolidated cases, current and former staff at Defendant Sprint/United Management Company ("Sprint") retail stores, move for conditional certification to proceed as an opt-in collective action pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA").  The motion is granted in part.

　　　　Certification of collective actions under the FLSA generally proceed in two stages.  At the initial stage, the Court determines only whether the plaintiffs are "similarly situated," deciding whether a collective action should be certified for the purpose of sending notice of the action to potential class members.  *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1203 (N.D. Cal.

2013).

> Once discovery is complete and the case is ready to be tried, the party opposing class certification may move to decertify the class. The court then must make a factual determination regarding the propriety and scope of the class and must consider the following factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations.

*Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (citations omitted).

"Because [FLSA] class members must opt-in, the standards for certifying a conditional FLSA class are considerably less stringent than those for Rule 23 classes." *Brewer v. Gen. Nutrition Corp.*, 11-CV-03587 YGR, 2013 WL 100195, at *2 (N.D. Cal. Jan. 7, 2013); *see also Ramirez*, 941 F. Supp. 2d at 1203 (explaining that "[e]ven at that second stage, the showing that must be made for collective actions is less stringent than what is required under Federal Rule of Civil Procedure Rule 23."). Although certification is not automatic, the plaintiffs' burden is nonetheless a light one. *See Ramirez*, 941 F. Supp. 2d at 1205. "Courts typically require nothing more than substantial allegations, supported by declarations or discovery, to establish that the putative class members were together the victims of a single decision, policy, or plan." *Brewer*, 2013 WL 100195, at *3 (internal quotation marks omitted); *see also Wynn v. Nat'l Broad. Co.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002) (explaining that the determination whether to certify a conditional class "is made based on a fairly lenient standard").

Here, the plaintiffs have satisfied their burden of making "substantial allegations" and a "modest factual showing" that Sprint retail store sales staff were subject to a common practice or policy that violated the FLSA. *See Brewer*, 2013 WL 100195, at *3. The plaintiffs allege that Sprint required staff in its retail stores to perform work before clocking in, during scheduled unpaid meal breaks, and after clocking out, for which they were not compensated. In support of these allegations, the plaintiffs submitted declarations from Retail Consultants, Lead Retail Consultants, and Assistant Store Managers who worked in Sprint retail stores in California, Florida, Illinois, Maryland, New York, Ohio, and Virginia. They also submitted the declaration of a former District Manager who was responsible for between 8 to 12 Sprint retail stores in Northern

2

1  California. Each of these workers stated in his or her declaration that he or she was forced to
2  perform uncompensated work before, during, and/or after his or her shift. These declarants
3  uniformly stated that they received no training on how to adjust their reported time to account for
4  this additional work and/or that they had never seen any written policy that allowed Sprint
5  employees to complain about discrepancies in their pay or to obtain adjustments based on work
6  performed off the clock. *See Misra v. Decision One Mortgage Co., LLC*, 673 F. Supp. 2d 987,
7  996 (C.D. Cal. 2008) ("The consistency of the statements in the various declarations submitted by
8  Plaintiffs is sufficient to satisfy a modest factual showing that they were similarly situated, in that
9  they routinely worked unpaid overtime in violation of the FLSA."). And the former District
10 Manager stated in his declaration that Sprint retail store employees were regularly required to
11 perform work before they could clock in for the day, and that, "[w]hile there was a method by
12 which Store Managers could edit their subordinates' timesheets to account for uncompensated pre-
13 shift duties, if they made too many of such 'manual' changes, they would appear on a 'manual
14 override' warning report, which led to questioning by either me or the District Store Operations
15 Manager." Anglin Decl. ¶ 6.

16 In response, Sprint submitted declarations from a number of retail store employees stating
17 that, throughout their employment with Sprint, they were correctly paid for all the time they
18 worked, and that they were able to adjust their time to account for any work performed during
19 times when they were clocked out. Sprint also submitted declarations from managers who stated
20 that it is Sprint's policy to pay for all time worked, and to make adjustments for any off-the-clock
21 work. Sprint also submitted documents detailing Sprint's official policies with respect to pay
22 practices and timekeeping training. But at this early stage, the allegations and the evidence
23 submitted by the plaintiffs raise sufficient questions about whether Sprint deviated, as a matter of
24 common practice, from its official policies such that plaintiffs have met their burden for
25 conditional certification. Sprint may resubmit its declarations at the second stage. It is at "that
26 point [that] the court must make a [more rigorous] factual determination as to the propriety and
27 scope of the class." *Ramirez*, 941 F. Supp. 2d at 1203 (internal quotation marks omitted).

28 However, the Court agrees with Sprint that the plaintiffs' proposed class is overbroad. The

1  plaintiffs seek conditional certification of a collection of employees defined as "All current and
2  former non-exempt hourly employees of Defendant working in Defendant's retail establishments
3  throughout the United States during the time period three years prior to the filing of the original
4  complaint, September 19, 2013, until resolution of this action." Consol. Compl. at ¶ 44.  But
5  while the allegations in plaintiffs' Consolidated Complaint refer generally to Sprint's treatment of
6  non-exempt hourly employees working in its retail stores, the declarations that the plaintiffs
7  submitted in support of their motion for conditional certification speak only to the treatment of
8  retail *sales* staff, whereas Sprint also employs hourly-paid technical employees in its retail stores.
9  The plaintiffs have offered no evidence to support their allegations that all hourly retail store
10 employees—including both sales and technical staff—were subject to the same treatment by
11 Sprint.  Absent even a modest factual showing to support the allegations in the Consolidated
12 Complaint with respect to technical support staff, the plaintiffs are unable to make the required
13 showing to certify an FLSA class with respect to these job categories.

14    Accordingly, the Court grants in part the motion to certify a FLSA collective action.  The
15 Court's certification of the class is conditional and is for purposes of notification only.  Under the
16 FLSA, "a cause of action arising out of a willful violation may be commenced within three years
17 after the cause of action accrued." 29 U.S.C. § 255(a).  For collective actions, a cause of action is
18 considered to be "commenced" for opt-in plaintiffs on the date when "written consent to become a
19 party plaintiff is filed in the court." 29 C.F.R. § 790.21.  Therefore, the Court certifies a collective
20 covering a period extending back three years from the date of this Order.[1]

21    In order to facilitate notice, the plaintiffs request the names of potential collective
22 members, along with their last known mailing addresses, email addresses, telephone numbers, and
23 social security numbers.  The plaintiffs have not adequately explained why telephone numbers or

---

[1] The plaintiffs have requested that the Court toll the statute of limitations for opt-in plaintiffs as of June 30, 2014, the date by which Plaintiffs requested that Sprint provide the proposed collective members' identities and contact information.  However, federal courts extend equitable tolling only sparingly, typically in situations "where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).  The Court does not find that Sprint's objection to the plaintiffs request for the proposed collective members' contact information constituted misconduct.  The Court therefore declines to equitably toll the statute of limitations at this stage.

social security numbers would be necessary to provide notice to potential collective members, and the Court finds that names, last known mailing addresses, and email addresses will be sufficient. Sprint must provide this information for all current and former hourly-paid sales staff who worked at a Sprint retail store at any time during the three-year collective period.  If Sprint possesses both personal and work email addresses for the potential collective members, it should provide both. The opt-in period shall be 90 days from the date the notice is sent.

Parties shall meet and confer and attempt to agree upon a joint proposed notice in conformance with the Court's decision on this motion.  If the parties fail to agree on a proposed notice, they may submit separate proposals no later than October 10, 2014.   The plaintiffs shall bear the full cost of disseminating the notice.

**IT IS SO ORDERED**.

Dated:  October 3, 2014

_____
VINCE CHHABRIA
United States District Judge

5