UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>    Defendant.<br><hr><br>MICHAEL SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>    Defendant. | **Lead Case**<br><br>Case No. 13-cv-04357-VC<br><br><br>*Consolidated with*<br><br>Case No. 14-cv-02642-VC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE**<br><br>Re: Dkt. No. 72 |

      The plaintiffs in these consolidated cases move to strike all 32 of the affirmative defenses raised in Defendant Sprint/United Management Company's Amended Answer to the plaintiffs' complaint. The motion is granted. It is obvious from the Amended Answer that Sprint has taken a kitchen-sink approach to affirmative defenses, including them without giving any real thought to whether they apply in this case. This would require the parties to spend time and money "litigating spurious issues." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).   This case is therefore a good example of why the requirement that a party plead allegations with enough facts to give the other side fair notice

applies to affirmative defenses as well as complaints.  *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also*, *BlackBerry Ltd. v. Typo Products LLC*, No. 14-CV-00023-WHO, 2014 WL 1867009, *4 (N.D. Cal. May 8, 2014); *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10–945 CW, 2012 WL 1746848, *4–5 (N.D. Cal. May 16, 2012); *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11–CV–03323–LHK, 2012 WL 1029425, * 8 (N.D. Cal. Mar. 26, 2012); *Dion v. Fulton Friedman & Gullace LLP*, No. 11–2727 SC, 2012 WL 160221, *2 (N.D. Cal. Jan. 17, 2012); *Bottoni v. Sallie Mae*, Inc., No. C 10–03602 LB, 2011 WL 3678878, *1 (N.D. Cal. Aug. 22, 2011); *J & J Sports Prods., Inc. v. Mendoza–Govan*, No. C 10–05123 WHA, 2011 WL 1544886, * 4 (N.D. Cal. Apr. 25, 2011); *Barnes*, 718 F. Supp. 2d at 1172; *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. C 09-02429 WHA, 2009 WL 3517617, *8 (N.D. Cal. Oct. 26, 2009).

Moreover, many of the purported affirmative defenses are not actually affirmative defenses to begin with.  *See, e.g.*, *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002), *Perez*, 2012 WL 1029425, at *11, *Barnes*, 718 F. Supp. 2d at 1173.

Should Sprint choose to re-plead any affirmative defenses, it has 14 days to file an amended answer.  The amended answer should comply with the above-cited cases, both with respect to the true definition of an affirmative defense and with respect to the specificity required to support any proper affirmative defense.

> To the extent that this order prevents [Sprint] from alleging affirmative defenses as to the unknown putative class members because there are no facts that could show that an affirmative defense is plausibly applicable to [the plaintiffs], the court will grant leave to [Sprint] to amend its answer at such time as [Sprint] becomes aware of facts tending to show the plausibility of additional affirmative defenses pertaining to class members, provided that [Sprint] exercises diligence in determining such facts.

*Barnes*, 718 F. Supp. 2d at 1173.

**IT IS SO ORDERED**.

Dated:  November 7, 2014

_____
VINCE CHHABRIA
United States District Judge

2