UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>    Defendant.<br>——————————————<br>MICHAEL SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>    Defendant. | **Lead Case**<br><br>Case No. 13-cv-04357-VC<br><br><br><br>*Consolidated with*<br><br>Case No. 14-cv-02642-VC<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 83 |

Plaintiffs Olivia Guilbaud et. al. seek a protective order limiting Defendant Sprint/United Management Company ("Sprint") from communicating with prospective collective members during the pendency of the opt-in period. The motion is denied.

A restraint of this kind is justified only when the record reveals a "likelihood of serious abuses," *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 104 (1981). But as evidence of what it calls Sprint's "strateg[y] in this litigation . . . to bully and intimidate putative collective members," *see* Docket No. 83, p. 5, the plaintiffs rely almost entirely on the counterclaims Sprint filed against the plaintiffs, counterclaims that Sprint has since voluntarily dismissed. Although the Court

questioned the propriety of these counterclaims, the fact of their filing—especially in light of Sprint's voluntary dismissal of these claims—is insufficient to show a likelihood of serious abuses going forward in this case.

The plaintiffs' request for a civil contempt order, Docket No. 102, is also denied.  As discussed at the hearing on the motion, Sprint must provide the plaintiffs with the information described in the Court's Order Granting in Part Plaintiffs' Motion for Conditional Certification, Docket No. 79, no later than 5:00 p.m. on November 21, 2014.  Sprint must, no later than 5:00 p.m. on November 26, 2014, provide the same information for any individual who became a potential collective member any time between October 3, 2014 and the date of this order and who was not included in the initial list provided to the plaintiffs.

As discussed at the hearing, with respect to the parties' dispute over Sprint's proposed changes to the form of notice, the notice:

1. should include reference to a case website;
2. should describe the collective period as continuing through "the present";
3. should refer to Sprint as "Sprint," rather than "Defendant";
4. should, in Section II, be rephrased for greater clarity.  The Court suggests the following construction: "The Plaintiffs in this lawsuit allege, among other things: (1) that Sprint's current and former employees who worked in the Positions failed to receive payment . . . ; (2) that Sprint's current and former employees who worked in the Positions failed to receive all wages . . . ; and (3) that Sprint did not keep accurate records of all hours that the employees worked."  *See* Docket No. 88, Ex. A, p. 1–2.
5. should not include in Section II the numbered list describing Sprint's position about alleged violations of Sprint policies and practices.  *See id.*  The notice may, however, include Sprint's statement that "Sprint also maintains that it properly paid and pays overtime to employees in the Positions, including overtime related to any non-discretionary bonuses or commissions," *id.*; and
6. should not include Sprint's proposed changes to Section IV, *see id.* at 3.

Additionally, the plaintiffs may use their chosen third-party claims administrator, Heffler Claims Group, to send the notice and receive opt-in consent forms.  In light of the delay in disseminating the notice and opt-in forms to potential collective members, the parties should meet and confer about a new schedule for discovery, dispositive motions, and trial.  The parties must file a proposed schedule no later than 7 days from the date of this order.

1   **IT IS SO ORDERED**.

2   Dated:  November 21, 2014

3   _____
4   VINCE CHHABRIA
    United States District Judge

3