United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>　　　　Defendant.<br><br>―――――――――――――――<br><br>MICHAEL SMITH,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>　　　　Defendant. | **Lead Case**<br><br>Case No. 13-cv-04357-VC<br><br><br><br>*Consolidated with*<br><br>Case No. 14-cv-02642-VC<br><br>**ORDER DENYING DEFENDANTS MOTION TO STRIKE**<br><br>Re: Dkt. No. 62 |

Defendant Sprint/United Management Company ("Sprint") seeks to strike several documents filed by Plaintiffs Olivia Guilbaud et al. in connection with their motion for conditional certification, Docket No. 53. The motion is denied. In resolving the question of what contact information Sprint is required to provide to the plaintiffs, the Court did not rely on the plaintiffs' letter detailing a purported discovery dispute. Docket No. 60. Even assuming that the plaintiffs failed to satisfy the required meet and confer process prior to submitting this letter, the Court declines to strike the letter. Although, the plaintiffs' filing of amended initial disclosures was improper under Rule 5(d), the plaintiffs subsequently acknowledged that this filing was made in

error and sought to withdraw the document.  *See* Docket No. 57.  While the plaintiffs' reply brief failed to comply with Civil Local Rule 3-4(c), the Court granted the plaintiffs' administrative motion for leave to file an amended brief, and the Court relied on only this brief in granting the plaintiffs' motion for conditional certification.  And while Sprint may well be correct that evidentiary defects in plaintiffs' supporting declarations could affect the ultimate admissibility of these documents, the Court considered these documents only for the limited purpose of conditional certification.  *See Newton v. Schwarzenegger*, No. C 09-5887 VRW, 2010 WL 2280532, at *4 (N.D. Cal. June 7, 2010); *see also Litty v. Merrill Lynch & Co.*, No. CV 14-0425 PA PJWX, 2014 WL 5904907, at *2 n.1 (C.D. Cal. Aug. 4, 2014).  Moreover, to the extent that the plaintiffs failed to identify any of these declarants in their initial disclosures, the Court has "particularly wide latitude" in its discretion to issue sanctions under Rule 37(c), *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), and declines to do so here.

**IT IS SO ORDERED**.

Dated:  December 9, 2014

_____
VINCE CHHABRIA
United States District Judge