1  Todd M. Schneider (SBN 158253)
2  Carolyn Hunt Cottrell (SBN 166977)
   Nicole N. Coon (SBN 286283)
3  SCHNEIDER WALLACE
   COTTRELL KONECKY WOTKYNS LLP
4  2000 Powell Street, Suite 1400
   Emeryville, California 94608
5  Tel: (415) 421-7100
   Fax: (415) 421-7105
6  tschneider@schneiderwallace.com
   ccottrell@schneiderwallace.com
7  ncoon@schneiderwallace.com

8  Attorneys for Plaintiffs, the Collective and
   Putative Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>Defendants. | **Lead Case**<br>CASE NO. 3:13-CV-04357-VC<br><br>Hon. Vince Chhabria<br><br><br><br><br>*Consolidated with*<br><br>CASE NO. 3:14-CV-02642-VC |
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Hon. Vince Chhabria<br><br>[~~PROPOSED~~] **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AS TO CALIFORNIA CLASS AND APPROVAL OF SETTLEMENT AS TO COLLECTIVE** |

[ADDITIONAL PLAINTIFFS' COUNSEL ON FOLLOWING PAGE]

1  Matthew Righetti (SBN 121012)
   John Glugoski (SBN 191551)
2  Michael Righetti (SBN 258541)
   RIGHETTI GLUGOSKI, P.C.
3  456 Montgomery Street, Suite 1400
   San Francisco, California 94101
4  Telephone: (415) 983-0900
   Facsimile: (415) 397-9005
5  matt@righettilaw.com
   jglugoski@righettilaw.com
6  mike@righettilaw.com

7  Richard Hoyer (SBN 151931)
   Ryan L. Hicks (SBN 260284)
8  HOYER & ASSOCIATES
   Four Embarcadero Center, Suite 1400
9  San Francisco, California 94111
   Telephone: (415) 766-3536
10 Facsimile: (415) 276-1738
   rhoyer@hoyerlaw.com
11 rhicks@hoyerlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Motion for Preliminary Approval of Settlement as to California Class and Approval of Settlement as to Collective, filed by Plaintiffs Olivia Guilbaud, Marques Lilly, Michael Wong, and Michael Smith ("Plaintiffs") in the consolidated matters of lead case *Guilbaud, et al. v. Sprint Nextel Corporation, et al.*, Case No. 3:13-CV-04357-VC, and *Smith, et al. v. Sprint/United Management Company*, Case No. 3:14-CV-02642-VC, came on for hearing on January 14, 2016 at 10:00 a.m. in Courtroom 4 of the above captioned court, the Honorable Vincent Chhabria presiding. Defendant Sprint did not oppose the motion.

Plaintiffs Guilbaud, Lilly, and Wong filed *Guilbaud, et al. v. Sprint Nextel Corporation, et al.*, Case No. 3:13-CV-04357-VC in the United States District Court for the Northern District on September 19, 2013. Plaintiff Smith filed *Smith, et al. v. Sprint/United Management Company*, Case No. 3:14-CV-02642-EDL in the U.S. District Court for the Eastern District of California on January 31, 2014, which was assigned to District Judge Lawrence Karlton under the original case number of 2:14-CV-00327-LKK-AC. The Parties agreed in the interest of avoiding conflicts, conserving resources, and promoting an efficient determination of the actions to transfer *Smith* to the Northern District and relate and consolidate the actions before District Judge Vince Chhabria, before whom *Guilbaud* proceeds. *Smith* was transferred to the Northern District on June 9, 2014. On July 8, 2014, Judge Chhabria ordered the cases related and consolidated.

Plaintiffs allege ten causes of action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Orders, and Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiffs assert the first cause of action under the FLSA on behalf of themselves and the Collective for Sprint's alleged failure to compensate for all hours worked, including legally mandated overtime premiums and/or minimum wages. Plaintiffs assert their nine other causes of action under California law on behalf of themselves and the California class: (1) failure to authorize, permit, and/or make available meal and rest periods; (2) failure to compensate for all hours worked; (3) failure to pay overtime wages; (4) failure to reimburse for necessary business expenditures (namely, the distinctive uniforms that Defendant requires); (5) waiting time penalties; (6) failure to provide itemized wage statements; (7) violation of the UCL for unlawful, unfair, and/or fraudulent business

acts or practices; (8) penalties pursuant to § 2699(a) of the California Private Attorney General Act ("PAGA"); and (9) penalties pursuant to § 2699(f) of the PAGA.

After initial exchanges of information and discovery, the Parties entered into private mediation before respected neutral mediator Hon. Edward A. Infante (Ret.) to try to resolve the claims. As a result of the mediation on July 27, 2015, the Parties reached a settlement. The Parties then entered in a Joint Stipulation for Class and Collective Action Settlement and Release of Claims (the "Settlement Agreement" or the "Settlement") on November 30, 2015.

A hearing was held before this Court on January 14, 2016, at 10:00 a.m. for the purpose of determining, among other things, whether the proposed Settlement was within the range of possible approval, and whether notice to the California Class of its terms and conditions, and the scheduling of a formal fairness hearing, also known as a final approval hearing as well as notice to the Collective of the terms and conditions will be appropriate. Appearing at the hearing was counsel for McGuireWoods LLP for Defendant and counsel for Schneider Wallace Cottrell Konecky Wotkyns LLP, Righetti Glugoski, P.C., and Hoyer & Associates on behalf of Plaintiffs and the Class and Collective.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court hereby GRANTS Preliminary Approval of the terms and conditions contained in the Settlement, attached hereto as **Exhibit 1**, as to the California Class. The Court preliminarily finds that the terms of the Settlement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that: (1) the settlement amount is fair and reasonable to the California Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result

of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Stipulation of Settlement was entered into in good faith.

3. The Court hereby GRANTS conditional certification of the provisional California Class, in accordance with the Settlement, for the purposes of this Settlement only. The California Class is defined as "the Class Representatives and all Opt-in Plaintiffs who are or were employed by Defendant in California at any time from and including September 19, 2009 through and including the date of preliminary approval, and who do not validly exclude themselves from this settlement."

4. The Court hereby GRANTS Approval of the terms and conditions contained in the Settlement as to the Collective. The Court finds that the terms of the Settlement are within the range of possible approval, pursuant to the federal Fair Labor Standards Act and applicable law.

5. The Court finds that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

6. The Court hereby confirms its October 3, 2014 order certifying the Collective. The Collective is defined as "all Opt-in Plaintiffs who are or were employed by Defendant inside and outside of California at any time from and including September 19, 2010 through and including the date of preliminary approval."

7. The Court hereby authorizes the retention of Heffler Claims Group as Settlement Administrator for the purpose of the Settlement with reasonable administration costs estimated not to exceed $95,000.00.

8. The Court hereby conditionally appoints Schneider Wallace Cottrell Konecky Wotkyns LLP, Hoyer & Associates, and Righetti Glugoski, P.C. as Counsel for the Class, and Plaintiffs as class representatives for the Class.

9. The Court hereby appoints Schneider Wallace Cottrell Konecky Wotkyns LLP, Hoyer & Associates, and Righetti Glugoski, P.C. as Counsel for the Collective, and Plaintiffs as Collective representatives for the Collective.

10. The Court hereby APPROVES the Class Notice attached hereto as **Exhibit A** to the Settlement. The Court finds that the Class Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice appears to fully and accurately inform the California Class Members of all material elements of the proposed Settlement, of the California Class Members' right to be excluded from the Settlement, and of each California Class Members' right and opportunity to object to the Settlement. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Class Member within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Class Notice that are consistent with the terms of the Settlement and this Order.

11. The Court hereby APPROVES the proposed procedure for California Class Member exclusion from the Settlement, which is to submit a written statement requesting exclusion to the Settlement Administrator no later than forty-five (45) days following the date on which the Settlement Administrator first mails the Notice Packet to California Class Members. Any California Class Member who submits an Exclusion Letter shall not be a Member of the California Class, shall be barred from participating in the California Class Settlement, and shall receive no benefit from the California Class Settlement.

12. The Court hereby APPROVES the Collective Notice attached hereto as **Exhibit B** to the Settlement. The Court finds that the Collective Notice, along with the related notification procedure contemplated by the Settlement, constitute the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Collective Notice appears to fully and accurately inform

the Collective Members of all material elements of the Settlement and of the Collective Members' rights, including to be excluded from the Settlement. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Collective Member within the timeframe specified in the Settlement. The Parties are authorized to make non-substantive changes to the proposed Collective Notice that are consistent with the terms of the Settlement and this Order.

13. The Court hereby APPROVES the proposed procedure for Collective Member exclusion from the Settlement, which is to not cash the check enclosed with the Collective Notice (within ninety (90) days). Any Collective Member who fails to cash the Collective Settlement check shall not be bound by the Collective Settlement and not release the Collective Member's FLSA claims.

14. The Court further PRELIMINARILY APPROVES Class and Collective Counsel's ability to request attorneys' fees of up to one-third of the Gross Settlement Amount ($1,123.333.33), and costs not to exceed $125,000.00, in a separate fee motion seeking such awards to be filed pursuant to the schedule set forth below.

15. The Court further ORDERS that Class Counsel shall file a motion for approval of the Fee and Expense Award and the Service Payment, with the appropriate declarations and supporting evidence, at least fourteen (14) days prior to the close of the Class Notice period to be heard at the same time as the motion for Final Approval of the Settlement.

16. The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any California Class Members who request exclusion from the Settlement, by March 7, 2016.

17. The Court further ORDERS that each California Class Member shall be given a full opportunity to object to the proposed Settlement and request for attorneys' fees, and to participate at a Final Approval Hearing, which the Court sets to commence on Thursday April 14, 2016, at 10:00 a.m. in Courtroom 4 of the United States District Court, Northern District of California, San Francisco Division. Any California Class Member seeking to object to the proposed Settlement may

file such objection in writing with the Court and shall serve such objection on Class Counsel and Defendant's Counsel or may appear at the Final Approval Hearing to make the objection.

18. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES the proposed Class Notice and Collective Notice and adopts the following dates and deadlines:

| | |
|---|---|
| Date of preliminary approval of the Settlement as to Class and approval of the Settlement as to the Collective | January 15, 2016 |
| Defendant to provide to Heffler a database containing CMs' contact information | January 25, 2016<br><br>(10 days after entry of order granting preliminary approval of the Settlement as to Class and approval of the Settlement as to the Collective) |
| Heffler shall provide all Counsel with a final statement listing all CMs and identifying the number of weeks worked and approximate settlement award to each | January 28, 2016<br><br>(5 business days before Class Notices are sent) |
| Heffler mails Class Notice to Class Members | February 4, 2016<br><br>(10 days after Heffler receives CM database) |
| Deadline to postmark requests to opt-out, objections to Settlement, or dispute the information shown in Class Notice pursuant to the instructions set forth in the Class Notice | March 21, 2016<br><br>(45 days after Class Notice is mailed) |
| Class Counsel to provide Defendant's counsel with 2 court days review of final approval motion and fees motion | March 3, 2016 |
| Filing Deadlines for Final Approval Motion and Fees Motion | March 7, 2016<br><br>(At least 14 days before the deadline for objections to the Settlement Agreement) |
| Heffler to provide all counsel with a declaration attesting to completion of the Notice process | April 8, 2016<br><br>(5 days before Final Approval Hearing) |
| Class Counsel to file Heffler's verification that the Class Notice has been completed | April 14, 2016<br><br>(On or before the date of the Final Approval Hearing) |
| Final Approval Hearing | April 14, 2016 at 10:00 a.m. |
| Effective Date | (a) if no objections to the settlement are filed, then the Effective Date shall be 35 days after the Court enters its order granting final |

| | |
|---|---|
| | approval of the settlement; (b) if objections to the settlement are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date shall be 35 days after the Court enters its order granting final approval of the settlement; or (c) if any appeal is taken from the Court's overruling of objections to the settlement, then the Effective Date shall be 20 days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final and the exhaustion of all possible further appellate review. |
| Defendant to receive wire transfer instructions from Heffler for the Qualified Settlement Fund's bank account and an IRS Form W-9 for the fund, and then Defendant shall wire the Gross Settlement Fund | 10 business days after Effective Date |
| Heffler will provide all counsel with a final statement listing all Collective Members as well as identifying the number of weeks worked by and the approximate Settlement award to each Collective Member | 5 days before Notices and settlement awards sent to Collective |
| Fees and costs, Class Representative awards, Class awards, Collective awards (to be accompanied by Collective Notices) to be paid by Heffler | No later than 15 calendar day after receipt of funds from Defendant following Effective Date |
| For any Collective settlement check returned as undeliverable, Heffler attempts to re-mail | (90 day issuance period to be extended for another 90 days) |
| Heffler to stop payment on checks for Class Members that do not timely opt-out and receive a payment but do not cash settlement check and transmit funds to the State of California's Unclaimed Property Fund | 90 days after issuance of awards |
| Settlement Administrator will stop payment on check for Collective Members and such settlement payments will become void | 90 days after issuance of awards |
| For Collective settlement checks deemed void, the Settlement Administrator will return payment to Defendant | 30 days after 90-day deadline |

19. The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Settlement, are stayed.

20. The Court further ORDERS that to facilitate administration of this Settlement, all California Class Members and Collective Members are hereby enjoined from filing or prosecuting

any claims, cases, suits or administrative proceedings (including filing or pursuing claims with the California Division of Labor Standards Enforcement) regarding claims released by the Settlement unless and until such California Class Members have submitted Exclusion Letters with the Settlement Administrator and/or until such Collective Members have received their Settlement Collective checks and not cashed them.

21. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

22. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Class.

IT IS SO ORDERED.

Dated: January 15, 2016

_____
HON. VINCENT CHHABRIA
United States District Judge,
Northern District of California