1  Todd M. Schneider (SBN 158253)
   Carolyn Hunt Cottrell (SBN 166977)
2  Nicole N. Coon (SBN 286283)
   SCHNEIDER WALLACE
3  COTTRELL KONECKY WOTKYNS LLP
   2000 Powell Street, Suite 1400
4  Emeryville, California 94608
   Tel: (415) 421-7100
5  Fax: (415) 421-7105
   tschneider@schneiderwallace.com
6  ccottrell@schneiderwallace.com
   ncoon@schneiderwallace.com
7
8  Attorneys for Plaintiffs, the Settlement
   Collective and Settlement Class

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>Defendants. | **Lead Case**<br>CASE NO. 3:13-CV-04357-VC<br><br>Hon. Vince Chhabria<br><br><br><br><br>*Consolidated with*<br><br>CASE NO. 3:14-CV-02642-VC |
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>Defendant. | Hon. Vince Chhabria<br><br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

[ADDITIONAL PLAINTIFFS' COUNSEL ON FOLLOWING PAGE]

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
Michael Righetti (SBN 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94101
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
matt@righettilaw.com
jglugoski@righettilaw.com
mike@righettilaw.com

Richard Hoyer (SBN 151931)
Ryan L. Hicks (SBN 260284)
HOYER & HICKS
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3536
Facsimile: (415) 276-1738
rhoyer@hoyerlaw.com
rhicks@hoyerlaw.com

---

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

The Unopposed Motions for Final Approval of Settlement as to California Class and for Attorneys' Fees, Costs, and Service Awards, filed by Plaintiffs Olivia Guilbaud, Marques Lilly, Michael Wong, and Michael Smith ("Plaintiffs") in the consolidated matters of lead case *Guilbaud, et al. v. Sprint Nextel Corporation, et al.*, Case No. 3:13-CV-04357-VC, and *Smith, et al. v. Sprint/United Management Company*, Case No. 3:14-CV-02642-VC, came on for hearing on April 14, 2016 at 10:00 a.m. in Courtroom 4 of the above captioned court, the Honorable Vincent Chhabria presiding. Defendant Sprint did not oppose the motions.

Plaintiffs Guilbaud, Lilly, and Wong filed *Guilbaud, et al. v. Sprint Nextel Corporation, et al.*, Case No. 3:13-CV-04357-VC in the United States District Court for the Northern District on September 19, 2013. Plaintiff Smith filed *Smith, et al. v. Sprint/United Management Company*, Case No. 3:14-CV-02642-EDL in the U.S. District Court for the Eastern District of California on January 31, 2014, which was assigned to District Judge Lawrence Karlton under the original case number of 2:14-CV-00327-LKK-AC. The Parties agreed in the interest of avoiding conflicts, conserving resources, and promoting an efficient determination of the actions to transfer *Smith* to the Northern District and relate and consolidate the actions before District Judge Vince Chhabria, before whom *Guilbaud* proceeds. *Smith* was transferred to the Northern District on June 9, 2014. On July 8, 2014, Judge Chhabria ordered the cases related and consolidated.

Plaintiffs allege ten causes of action under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the California Labor Code, applicable Industrial Welfare Commission ("IWC") Wage Orders, and Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiffs assert the first cause of action under the FLSA on behalf of themselves and the Collective for Sprint's alleged failure to compensate for all hours worked, including legally-mandated overtime premiums and/or minimum wages. Plaintiffs assert their nine other causes of action under California law on behalf of themselves and the California Class: (1) failure to authorize, permit, and/or make available meal and rest periods; (2) failure to compensate for all hours worked; (3) failure to pay overtime wages; (4) failure to reimburse for necessary business expenditures (namely, the distinctive uniforms that Defendant requires); (5) waiting time penalties; (6) failure to provide itemized wage statements; (7) violation of the UCL for unlawful, unfair, and/or fraudulent business

1

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

acts or practices; (8) penalties pursuant to § 2699(a) of the California Private Attorney General Act ("PAGA"); and (9) penalties pursuant to § 2699(f) of the PAGA.

After initial exchanges of information and discovery, the Parties entered into private mediation before respected neutral mediator Hon. Edward A. Infante (Ret.) to try to resolve the claims. As a result of the mediation on July 27, 2015, the Parties reached a settlement. The Parties then entered in a Joint Stipulation for Class and Collective Action Settlement and Release of Claims (the "Settlement Agreement" or the "Settlement") (Dkt. No. 166-1) on November 30, 2015.

A hearing was held before this Court on January 14, 2016, at 10:00 a.m. for Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement as to California Class and Approval of Settlement as to Collective. The Court granted the motion. (Dkt. No. 170.) Before the Court is the last stage of the settlement approval process: final approval of the settlement, including approval of attorneys' fees, costs, and service awards.

Appearing at the final approval hearing was counsel for McGuireWoods LLP for Defendant and counsel for Schneider Wallace Cottrell Konecky Wotkyns LLP, Righetti Glugoski, P.C., and Hoyer & Hicks on behalf of Plaintiffs and the Class and Collective.

Having reviewed the papers and documents presented, having heard the statements of counsel, having considered the matter, the Court HEREBY ORDERS as follows:

1.  The Court has jurisdiction over the claims of the Class and Collective Members asserted in this proceeding and over all Parties to the action.

2.  The Court finds that zero (0) California Class Members have objected to the Settlement and zero (0) California Class Members have requested exclusion from the Settlement. Additionally, 2,035 Collective Members, 718 of which are also California Class Members, have filed timely and valid opt-in forms.

3.  The Court hereby GRANTS FINAL APPROVAL of the terms and conditions contained in the Settlement as to the California Class, originally filed at Dkt. No. 166-1. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AND AWARDING ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

4.     The Court finds that: (1) the settlement amount is fair and reasonable to the California Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Stipulation of Settlement was entered into in good faith.

5.     The Court hereby makes final its earlier conditional certification of the California Class, in accordance with the Settlement, for the purposes of this Settlement only. The California Class is defined as "the Class Representatives and all Opt-in Plaintiffs who are or were employed by Defendant in California at any time from and including September 19, 2009 through and including the date of preliminary approval (January 15, 2016), and who do not validly exclude themselves from this settlement."

6.     The Court hereby confirms its final approval of the terms and conditions contained in the Settlement as to the Collective as set forth in its January 15, 2015 order. (Dkt. No. 170.) The Court has already found that the terms of the Settlement are within the range of possible approval, pursuant to the federal Fair Labor Standards Act and applicable law.

7.     The Court has also already found that: (1) the settlement amount is fair and reasonable to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals; (2) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith.

8. Pursuant to the Court's previous orders, the Collective is defined as "all Opt-in Plaintiffs who are or were employed by Defendant inside and outside of California at any time from and including September 19, 2010 through and including the date of preliminary approval (January 15, 2016)."

9. The Court hereby confirms the appointment of Heffler Claims Group as Settlement Administrator for the purpose of the Settlement, and approves its reasonable administration costs not to exceed $95,000.00 which are to be paid from the total Settlement.

10. The Court hereby FINALLY APPOINTS Schneider Wallace Cottrell Konecky Wotkyns LLP, Hoyer & Hicks, and Righetti Glugoski, P.C. as Counsel for the Class, and Plaintiffs as class representatives for the Class. In its January 15, 2016 order, the Court already appointed Schneider Wallace Cottrell Konecky Wotkyns LLP, Hoyer & Hicks, and Righetti Glugoski, P.C. as Counsel for the Collective, and Plaintiffs as Collective representatives for the Collective. (Dkt. No. 170.)

11. The Court finds that the approved Class Notice (originally submitted to the Court at Dkt. No. 166-1) constituted the best notice practicable under the circumstances and is in full compliance with the applicable laws and the requirements of due process. The Court further finds that the Class Notice fully and accurately informed the California Class Members of all material elements of the proposed Settlement, of the California Class Members' right to be excluded from the Settlement, and of each California Class Members' right and opportunity to object to the Settlement. The Court also finds that Defendant has given all of the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715. (Dkt. No. 167.) A full opportunity has been afforded to the Class Members to participate in this hearing and all Class Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all California Class Members, since none timely and properly executed a request for exclusion, are bound by this Order and the Judgment.

12. Likewise, the Court has already approved the Collective Notice (originally submitted to the Court at Dkt. No. 166-1). The Court finds that the Collective Notice, along with the related notification procedure contemplated by the Settlement, constitutes the best notice practicable under the circumstances and are in full compliance with the applicable laws and the requirements of due

process. The Court further finds that the Collective Notice fully and accurately informs the Collective Members of all material elements of the Settlement and of the Collective Members' rights, including to be excluded from the Settlement. Subject to the terms of the Settlement, the Notice shall be mailed via first-class mail to the most recent known address of each Collective Member within the timeframe specified in the Settlement. Accordingly, the Court determines that all Collectives Members who submitted timely opt-ins who cash their settlement checks pursuant to the Settlement Agreement are bound by this Order and the Judgment

13. The Court FINALLY APPROVES Class and Collective Counsel's request for attorneys' fees of one-third of the Gross Settlement Amount, for a total of $1,123.333.33 in fees. This amount is justified under the common fund doctrine, the range of awards ordered in this District and Circuit, the excellent results obtained, substantial risk borne by Class Counsel in litigating this matter, the high degree of skill and quality of work performed, financial burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the Class and Collective, and additional work required of them to bring this Settlement to conclusion. The Court finds the fees award further supported by the lodestar crosscheck, whereby it finds that Schneider Wallace Cottrell Konecky Wotkyns LLP, Hoyer & Associates, and Righetti Glugoski, P.C.'s hourly rates are reasonable, the estimated hours expended are reasonable. In fact, Class Counsel's total fees are $1,901,010.00. Thus, the Court applies a negative multiplier to Class Counsel's lodestar in issuing this fee award.

14. The Court FINALLY APPROVES Class and Collective Counsel's request for costs in the amount of $125,000.00.

15. The Court FINALLY APPROVES service awards of $10,000.00 for each of the four Named Plaintiffs and Class and Collective Representatives Olivia Guilbaud, Marques Lilly, Michael Wong, and Michael Smith and finds that these awards are fair and reasonable for the work these individuals provided to the Class and Collective and the broader release they executed than the Class and Collective Members.

16. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES following implementation schedule:

| | |
|---|---|
| Final Approval Hearing | April 14, 2016 at 10:00 a.m. |
| Effective Date | (a) if no objections to the settlement are filed, then the Effective Date shall be 35 days after the Court enters its order granting final approval of the settlement; (b) if objections to the settlement are filed and overruled, and no appeal is taken of the final approval order, then the Effective Date shall be 35 days after the Court enters its order granting final approval of the settlement; or (c) if any appeal is taken from the Court's overruling of objections to the settlement, then the Effective Date shall be 20 days after the appeal is withdrawn or after an appellate decision affirming the final approval decision becomes final and the exhaustion of all possible further appellate review. |
| Defendant to receive wire transfer instructions from Heffler for the Qualified Settlement Fund's bank account and an IRS Form W-9 for the fund, and then Defendant shall wire the Gross Settlement Fund | 10 business days after Effective Date |
| Heffler will provide all counsel with a final statement listing all Collective Members as well as identifying the number of weeks worked by and the approximate Settlement award to each Collective Member | 5 days before Notices and settlement awards sent to Collective |
| Fees and costs, Class Representative awards, Class awards, Collective awards (to be accompanied by Collective Notices) to be paid by Heffler | No later than 15 calendar day after receipt of funds from Defendant following Effective Date |
| For any Collective settlement check returned as undeliverable, Heffler attempts to re-mail | (90 day issuance period to be extended for another 90 days) |
| Heffler to stop payment on checks for Class Members that do not timely opt-out and receive a payment but do not cash settlement check and transmit funds to the State of California's Unclaimed Property Fund | 90 days after issuance of awards |
| Settlement Administrator will stop payment on check for Collective Members and such settlement payments will become void | 90 days after issuance of awards |
| For Collective settlement checks deemed void, the Settlement Administrator will return payment to Defendant | 30 days after 90-day deadline |

17.  The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Settlement, are stayed.

18.     With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are hereby barred.

19.     The Court further permanently enjoins all of the California Class Members who did not timely exclude themselves (opt-out) from the Settlement Agreement, Collective Members who cash their checks, and the LWDA from pursuing, or seeking to reopen, any "Released Claims" (as defined in the Settlement Agreement) against any of the "Releasees" (as also defined in the Settlement Agreement).

20.     The Court dismisses these consolidated actions with prejudice and will enter Judgment consistent with the Settlement Agreement and this Order so as to so dismiss the actions and permanently enjoin and bar all members of the California Class who did not opt-out of the settlement, all Collective Members who cash their settlement checks, and the LWDA from prosecuting against any of the "Releasees" (as defined in the Settlement Agreement) all of the "Released Claims" (as also defined in the Settlement Agreement).

21.     The Court shall retain jurisdiction to enforce the terms of the Settlement.

IT IS SO ORDERED.

Dated: _____     _____

HON. VINCENT CHHABRIA
United States District Judge,
Northern District of California