# EXHIBIT P04

Todd M. Schneider (SBN 158253)
Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Attorneys for Plaintiffs and the Settlement Collective and Settlement Class

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>　　　　Defendants. | **Lead Case**<br>CASE NO. 3:13-CV-04357-VC<br><br>Hon. Vince Chhabria |
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>　　　　Defendant. | *Consolidated with*<br><br>CASE NO. 3:14-CV-02642-VC<br><br>Hon. Vince Chhabria<br><br>**DECLARATION OF MICHAEL SMITH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**<br><br>Date: April 14, 2016<br>Time: 10:00 a.m.<br>Courtroom: 4, 17th Floor |

[ADDITIONAL COUNSEL ON FOLLOWING PAGE]

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
Michael Righetti (SBN 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94101
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
matt@righettilaw.com
jglugoski@righettilaw.com
mike@righettilaw.com

Richard Hoyer (SBN 151931)
Ryan L. Hicks (SBN 260284)
HOYER & ASSOCIATES
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3536
Facsimile: (415) 276-1738
rhoyer@hoyerlaw.com
rhicks@hoyerlaw.com

DECLARATION OF MICHAEL SMITH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

I, Michael Smith, declare as follows:

1. I have personal knowledge of the facts stated in this declaration, and could and would testify to those facts if called upon to do so.

2. I submit this declaration in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards.

3. I am a Named Plaintiff in this case.

4. I, by and through my attorneys, filed this lawsuit on January 31, 2014. I have been closely involved and attentive to this litigation since the beginning.

5. I was employed by Sprint from approximately April 2013 to January 2014. During my employment, I held the positions of Retail Consultant and Lead Retail Consultant, and worked at Sprint's Rocklin, California location.

6. As a Retail Consultant and Lead Retail Consultant, I was responsible for assisting customers with customer service related issues, billing issues, and purchases of Sprint's merchandise and products carried in their retail stores.

7. I was typically required to work more than 40 hours in a week, and more than 8 hours in a day. I was paid around $12.50 per hour plus commission.

8. Although I was scheduled to begin and end my shifts at particular times, I was instructed to complete job duties before my scheduled shifts, after my scheduled shifts, and during breaks which was not reflected in my wage statements. The extra time I worked would not always get recorded. Instead, my clock-in time would sometimes reflect only my scheduled time. As a result, I was not always compensated for this extra time.

9. My scheduled and actual hours worked triggered meal and rest breaks. However, I did not always receive my rest breaks. I also sometimes did not receive my meal breaks or was required to work through them. Although I, at times, had to work through my meal breaks, I do not believe that I was always properly compensated for this time.

10. As a result of some of the issues with my hours and pay, Sprint also failed to provide me with proper wage statements. Often, the wage statements did not accurately reflect my actual hours worked or actual wages earned.

1
DECLARATION OF MICHAEL SMITH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

11. Sprint also did not pay me right away after my employment ended in January 2014.

12. I believe my issues with Sprint are the same as other hourly employees. I observed that my co-workers at the Rocklin store had similar employment experiences to me. I also believe that Sprint's policies and practices have been similar for other non-exempt, hourly workers regardless of store location within California and the United States because Sprint has standardized policies and practices.

13. I have spent my own personal time working with my attorneys providing background information about my employment, about Sprint policies and practices, and about the allegations in this lawsuit – including but not limited to the details provided above. My attorneys used this information to identify the claims that could be alleged on a class-wide basis, to understand the inner-workings of Sprint, and to prosecute this case on behalf of the Class and Collective.

14. I helped to advance the interests of the Class and Collective by participating actively in this litigation.

15. To assist with the case, I located and provided employment documents to my attorneys. The documents included: email correspondence, timesheets, schedules, tax forms, and wage statements. Locating, organizing, and sending this documentation took several hours over several days, probably well over 10 hours.

16. I also participated in extensive interviews prior to the filing of the complaint with my counsel. These interviews totaled upwards of 7 hours over a couple of days.

17. I then participated in the drafting of the complaint by working with my lawyers. I exchanged several emails with my attorneys, and responded to questions about the complaint during telephone calls. When a draft of the complaint was complete, I carefully read it over. My review of the complaint took about 3 ½ hours. I then approved the final draft of the complaint before it was filed.

18. With my attorneys, I also discussed, reviewed, and filled out an opt-in consent form.

19. After the complaint was filed, my attorneys sent me the Court's Alternative Dispute Resolution packet, which I read and discussed with them.

20. During the early stages of the case, I discussed with my attorneys the possible transfer and consolidation of my matter with the *Guilbaud* case. Following the decision to join the cases, I

participated in discussions regarding the consolidated complaint. I reviewed and approved the consolidated complaint. These discussions and review took several hours.

21. In addition to assisting with drafting the complaints, I also actively participated in helping to identify possible Class and Collective Members. I reached out to co-workers and colleagues, putting my reputation on the line. This took several hours.

22. I also worked with my attorneys to draft a declaration regarding my work experience to help with class certification. Drafting, reviewing, and approving my declaration took several hours.

23. In the months that I followed, I regularly communicated with my attorneys via email and telephone to discuss the status of the case. These communications concerned, but were not limited to: the conditional certification motion, notice of the case to employees, Sprint's counterclaims, and discovery (including initial disclosures and discovery requests to Sprint). Ultimately, I estimate that I spent approximately 25 hours reviewing and responding to emails. With respect to telephone conferences, I estimate that I spent about 30 hours speaking with my attorneys.

24. We also scheduled mediation in the case to try to negotiate a settlement. I made sure to clear my schedule to be available to respond to settlement negotiations. I provided my attorneys with authority to negotiate a settlement. We spoke and strategized at length about possible, reasonable settlements.

25. Eventually, the Parties recently reached an agreement to settle the case. I reviewed and approved the proposed Class and Collective settlement agreement.

26. Including my review of the settlement agreement, I have reviewed several hundreds of complex legal documents in this case. My review of these documents took well over 30 hours.

27. In total, I estimate that I have spent roughly close to 100 hours engaged in activities related to this litigation. This is in addition to having to request days off from my current employment to accommodate the case schedule.

28. As part of the settlement agreement, I have agreed to release any and all claims I have against Sprint.

29. I believe, based upon my participation, and also based upon my knowledge of the facts and the law, as explained to me by my attorneys, that the settlement is fair and reasonable, and that my hard work has led to a beneficial result for the Class and Collective.

3
DECLARATION OF MICHAEL SMITH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

30. I therefore respectfully request that the Court grant final approval of the settlement, including of the service payment of $10,000.00.

31. All of the time I spent on this case was time that I could have been involved in other endeavors, or with my family and friends. I was willing to spend this time because I felt strongly about serving as a Class representative and representing my co-workers in this case. In fact, I am so committed to this litigation that I wanted to ensure that I was nearby and easily reachable by my attorneys, especially for settlement discussions and/or if the case were to proceed to trial. This decision created financial and personal hardships for my family and me. Nevertheless, I took my commitment seriously and wanted to ensure that I was nearby to stand up for my co-workers' rights.

32. Making a decision to participate in this case as Class representative also placed me at substantial personal risk, including: (a) the risk of my reputation in the community as a result of stepping forward publicly in a class action, and the fear of retaliation against me as a result; (b) the risk to my reputation as it concerns my future employment opportunities; (c) the risk that I had to be subject to intrusive discovery by Sprint; (d) the risk that I would have to devote substantial resources, including my own time and expenses, in participating in the case; and (e) the risk that I might have to pay defense costs if I lost the case.

33. I willingly took on these risks and burdens because I felt strongly about serving as a Class representative and representing the Class and Collective in this case.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and is based upon my personal knowledge. Executed this 16th day of March, 2016 in California

_____
Michael Smith

4
DECLARATION OF MICHAEL SMITH IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC