# EXHIBIT HH01

Todd M. Schneider (SBN 158253)
Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Attorneys for Plaintiffs and the Settlement
Collective and Settlement Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>        Defendants. | **Lead Case**<br>CASE NO. 3:13-CV-04357-VC<br><br>Hon. Vince Chhabria |
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>        Defendant. | *Consolidated with*<br><br>CASE NO. 3:14-CV-02642-VC<br><br>Hon. Vince Chhabria<br><br>**DECLARATION OF RICHARD A. HOYER IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

[ADDITIONAL PLAINTIFFS' COUNSEL ON FOLLOWING PAGE]

Matthew Righetti (SBN 121012)
John Glugoski (SBN 191551)
Michael Righetti (SBN 258541)
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, California 94101
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
matt@righettilaw.com
jglugoski@righettilaw.com
mike@righettilaw.com

Richard Hoyer (SBN 151931)
Ryan L. Hicks (SBN 260284)
HOYER & HICKS
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3536
Facsimile: (415) 276-1738
rhoyer@hoyerlaw.com
rhicks@hoyerlaw.com

## DECLARATION OF RICHARD A. HOYER

I, Richard Anderson Hoyer, declare:

1.  I have personal knowledge of the facts set forth in this Declaration and, if called upon as a witness, I could and would testify competently as to these facts.

2.  This Declaration is submitted in support of Plaintiffs' Unopposed Motion for Attorneys' Fees, Cost, and Service Awards.

### QUALIFICATIONS, EXPERIENCE, AND EXPERTISE

3.  I am an attorney duly licensed to practice law in the State of California (No. 151931).  I am a member in good standing of the State Bar of California, I am admitted to the United States District Courts for the Northern and Eastern Districts of California.  I am admitted to the Ninth Circuit Court of Appeals.

4.  I am the senior partner at Hoyer & Hicks ("HH").  HH specializes in employment litigation in state and federal court, approximately half of our cases are class and/or representative actions. I have practiced litigation in San Francisco since 1990.  I have a Bachelor of Arts degree from Northwestern University (1987) and a Law Degree from Georgetown (1990).  I was a commercial litigator at what is now called Pillsbury Winthrop (1990-1993) and an employment litigator at Epstein, Becker & Green (1993-1997), which are both national firms.  I was a partner at Whitehead, Porter & Gordon LLP from 1997 to 2001.

5.  Since 1993, I have focused almost exclusively on employment disputes.  Since 2002, more than ninety-five percent of my clients have been plaintiffs in employment cases.  Specifically, I have represented clients with claims of sexual discrimination and harassment, racial discrimination and harassment, employment retaliation, and wage and hour disputes.  From 2002 until 2015, I had my own practice.

6.   HH and I specifically have acted or are acting as class counsel in numerous cases.  A partial list of class actions in which I or HH were counsel includes: *Butler v. Home Depot*, (N.D.Cal. Case No. C-94-4335) (representing defendant in nationwide class action alleging gender discrimination); *Ling, et al. v. Regents* (Alameda Sup. Ct. No. 2001-035654) (represented class members in a race discrimination claim that resulted in class certification and settlement); *Wahid v. Nations Foodservice, Inc.* and *Saavedra v. Nations Foodservice, Inc.* (Alameda County Superior Court Nos.

RG 05246866 and RG 08421015) (wage and hour class action regarding misclassification of restaurant managers); *Stockwell, et al v. City and County of San Francisco,* (N.D.Cal. Case No. C 08-05180 PJH) (disparate impact age discrimination claims on behalf of police officers); *Kauffman v. Bank of America* (D.Kan. Case No. 10-md-2138-JWL-KGS) (wage and hour class action and multidistrict litigation and settlement concerning unpaid wages and overtime and missed meal and rest periods under the FMLA and California law); In *In Re: Sanofi-Aventis U.S., Inc. Wage and Hour Litigation* (N.D.Cal. Case Nos. 3:10-CV-04141 SBA; 3:10-CV-04672 SBA) (class of pharmaceutical sales representatives in a state-wide misclassification case); *Neu-Helms v. UHS of Delaware, Inc*. (Alameda County Case No. RG08425516) (post- certification settlement of class claims regarding missed meal and rest periods for classroom assistants at schools for special needs children); *Al Lahham, et al vs. Serra Medical Transportation*, (N.D.Cal. Case No. 3:12-cv-00355-CRB) (FLSA Collective of drivers deprived of overtime pay and meal and rest breaks); *Okechukwu, et al. vs. DEM* (putative class arbitration representing limousine drivers on claims of unpaid overtime, as well as meal and rest break violations); *Parvataneni, et al. vs. E\*Trade Financial*, (N.D.Cal. Case No. 3:13-cv-02428-JSW) (statewide representative claims of unpaid overtime for PAGA collective of computer systems employees); *Sanchez-Ramirez v. The Consulate General of Mexico in San Francisco* (N.D.Cal. Case No. 4:12-cv-03485-PJH) (represented non-exempt workers on class claims of unpaid overtime and missed breaks); *Asghari, et al. v. Friendly Cab Company, Inc.* (Alameda County Case No. AG11556435) (class settlement on behalf of taxicab drivers alleging improperly assessed processing fees on credit card transactions); *Palm v. Sur la Table, Inc.* (N.D.Cal. Case No. 13-cv-1250-JCS) (class settlement of over 2,800 non-exempt retail store employees in California on rest break claims); *Shaghafi v. ValleyCare Health System* (Alameda County Case No. RG12618899) (class settlement of meal and rest period claims on behalf of respiratory therapists); *Jenkins v. Goodwill Industries of the Greater East Bay, Inc.* (Alameda County Case No RG12659632) (class settlement of unpaid wages, overtime, and meal and rest period violations); *Marr v. Poodles, Inc., et al.* (S.F. Sup. Ct. Case No. CGC-14-537154) (class settlement for unpaid wages and missed break premiums); *Oseas DeLeon et al. v. Clock Freight International, Inc. et al.* (San Mateo County Case No. CIV-521247) (class settlement of drivers' claims of missed meal and rest periods); HH is currently counsel in the following pending

class actions: *Thomas v. Sonoma Mission Inn Management, et al.* (Sonoma County Case No. SCV-257470) (putative class of massage therapists and estheticians alleging missed meal and rest periods); *Casas v. Mission-Hope Day Program, LLC et al.* (Alameda County Case No. RG15797671) (class and PAGA claims of missed meal and rest periods for employees who care for special needs adults); *Javier v. Eat24, LLC et al.* (S.F. Sup. Ct. Case No. CGC-15-545485) (missed meal and rest period claims on behalf of class of online customer service representatives).

## CLASS COUNSEL

7.   Plaintiffs' Counsel in this case is comprised of Schneider Wallace Cottrell Konecky Wotkyns LLP ("SWCKW"), Righetti Glugoski, PC ("RG"), and Hoyer & Hicks ("HH"). The firms are highly-regarded members of the wage and hour and employment class and collective action bar, with extensive experience in this highly-specialized type of litigation.

8.   The qualifications and experience of SWCKW and RG are respectively set forth in the Declarations of Carolyn Hunt Cottrell and Matthew Righetti submitted in support of this motion.

## PROCEDURAL HISTORY

9.   The brief in support of this motion contains a detailed section entitled "Procedural History and Work Performed by Class Counsel." As its title suggests, this section of the brief details the major billable projects that took place over the course of this lawsuit, and also provides a summary of the necessary work performed by Class Counsel with respect to each project. Class Counsel compiled this section of the brief by: (1) reviewing the documents entered into the Court's record, along with any discovery propounded by either Party, to determine the major billable events that took place in this case; and (2) reviewing any correspondence and billing related to a particular billable event to determine the specific work performed by Class Counsel. In my opinion, and in the opinion of Class Counsel, this section truly and correctly summarizes the major billable events in this case for which (with a few exceptions) Plaintiffs seek recovery of their fees and costs, along with the work performed by Class Counsel to warrant such an award.

**Pleadings**

   **The *Guilbaud* Complaints Prior to Consolidation**

10. Plaintiffs Guilbaud, Lilly, and Wong filed *Guilbaud* in the Northern District on September 19, 2013. *Guilbaud* Plaintiffs subsequently filed a First Amended Complaint ("FAC") on October

30, 2013 adding a claim for penalties under the Private Attorneys' General Act ("PAGA"). Class Counsel conferred with Defense Counsel regarding Sprint's response to the FAC. The Parties agreed to provide Sprint with an extension to file its response to the FAC, memorialized in a stipulation filed with the Court. On November 22, 2013, Sprint filed a motion to dismiss the FAC. The Parties continued their negotiations, and agreed that Plaintiffs would file a Second Amended Complaint ("SAC"). This agreement was set forth in the stipulation filed with the Court on December 5, 2015. Plaintiffs filed their SAC on December 6, 2013. On December 27, 2013, Defendant filed another motion to dismiss in response to the SAC. The Parties worked to identify the proper parties in the case, ultimately dismissing Sprint Nextel Corporation by way of a stipulation. The Plaintiffs then moved for leave to file a Third Amended Complaint ("TAC"). The Court granted this request, and Plaintiffs filed their TAC on February 21, 2014.

**Discovery**

11. The Parties jointly filed their Rule 26(f) Report on May 6, 2014. Class Counsel's work on this report included: conferring amongst themselves regarding the itemized issues at issue in the report; holding a Rule 26(f) conference with Defense Counsel to discuss the same itemized matters; drafting and inserting Plaintiffs' position on each of these matters; and reviewing Defendant's position on each of these matters.

12. Plaintiffs served their Initial Disclosures pursuant to Rule 26(a) on January 3, 2013. Class Counsel strategized regarding what to include in the document, including discussions regarding potential witnesses and persons with information regarding Plaintiffs' claims. In addition, Class Counsel compiled documents relevant to Plaintiffs' claims.

13. On February 28, 2014, Defendant served sets of twelve (12) interrogatories and seventy-seven (77) requests for production on Plaintiffs Guilbaud, Lilly, and Wong. Plaintiffs served responses to Defendant's discovery requests on April 29, 2014.

14. On May 5, 2014, Plaintiffs served formal discovery requests on Defendant. These requests included: (1) Plaintiff's Special Interrogatories, Set One, which set forth 4 requests; and (2) Plaintiff's Request for Production of Documents, Set One, which set forth 28 requests. Defendant served responses on June 30, 2014.

15. The remainder of the procedural history is described in the other declarations of Class Counsel, and in the interest of brevity will not be repeated here, although HH was actively involved throughout the litigation.

### ATTORNEYS' FEES AND COSTS

16. This case was difficult to litigate and was work-intensive not only because of the scope of issues in dispute, but also because of Defendant's hardball defense. This section discusses efforts by Class Counsel to minimize duplication of efforts and to assign attorneys to discrete tasks. In addition, I address litigation costs, attorney rates, and the efforts I have made to exercise billing judgment in connection with this fee application.

**HH firm partners and their role in the case**

17. I was the lead partner on this case for HH. I directed and supervised the work of my firm, and conducted legal analysis of the facts presented by this case. I reviewed pleadings, submissions, and correspondence in this action, including the complaint, the motions, the mediation statement, and the preliminary and final approval papers. I appeared at the mediation and participated in settlement discussions. My hourly rate is $625.00 per hour, which is within the market range charged by attorneys of comparable experience, expertise and reputation. Below is the biography and description of the work performed by my partner, Ryan L. Hicks, who performed the bulk of the work for HH on this case.

18. Ryan L. Hicks is a partner of HH. Mr. Hicks received his Juris Doctor degree in 2008 from the University of California, Hastings College of Law, and has been licensed to practice law in California since that year. Mr. Hicks has an extensive background in employment litigation, and has represented plaintiffs at all levels including the federal and state trial courts, the California Court of Appeal, and the Ninth Circuit Court of Appeals. The litigation of wage and hour class action matters under both state and federal law are a significant part of Mr. Hicks' day-to-day practice. He has been counsel in scores of employment cases filed under various statutes, including the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the California Labor Code, the California Fair Employment and Housing Act, and other analogous statutes. Mr. Hicks' hourly rate is $485.00 per hour, which is within the market range charged by attorneys of comparable experience, expertise and reputation. Mr. Hicks reviewed pleadings, submissions, and

correspondence in this action, including the complaint, the motions, the mediation statement, and the preliminary and final approval papers. Mr. Hicks appeared at the mediation session and participated in the subsequent negotiations that resulted in the settlement of this case. He also appeared at hearings and status conferences.

**HH firm law clerks and their role in the case**

19. Amy Brandt is a former law clerk at HH. She is a 2015 graduate of the University of California, Hastings College of Law and has been licensed to practice in the state of California since December 2015. Ms. Brandt worked as a law clerk at our firm for nearly one year, and assisted in document review and prepared declarations in numerous matters, including this case. Our firm seeks the rate of $150.00 per hour for her work. In this matter, Ms. Brandt communicated with class members for the purpose of discovery.

20. Christy Gately was formerly a law clerk at HH. She is a student at University of California, Hastings College of Law set to graduate in 2016. She was a law clerk at our firm for six months. Our firm seeks the rate of $150.00 per hour for her work on this case. In this matter, Ms. Gately communicated with class members for the purpose of discovery.

21. Riley Moyer was formerly a law clerk at HH. He graduated from the University of California, Hastings College of Law in 2015, and was licensed to practice law in the state of California later that year. Mr. Moyer was a law clerk at our firm for six months. Our firm seeks the rate of $150.00 per hour for his work on this case. In this matter, Mr. Moyer communicated with class members for the purpose of discovery.

22. Jerel Agatep was formerly a law clerk at HH. He is a student at University of California, Hastings College of Law set to graduate in 2016. He was a law clerk at our firm for one year. Our firm seeks the rate of $150.00 per hour for his work on this case. In this matter, Mr. Agatep communicated with class members for the purpose of discovery.

23. Saurabh Dhamdhere was formerly a law clerk at HH. He is a student at University of California, Hastings College of Law set to graduate in 2016. He was a law clerk at our firm for six months. Our firm seeks the rate of $150.00 per hour for his work on this case. In this matter, Mr. Dhamdhere communicated with class members for the purpose of discovery.

**The Lodestar Cross-Check Confirms the Reasonableness of the Fee Award.**

**Class Counsel's hourly rates are reasonable.**

24. The hourly rate HH seeks for my own legal services in this case is $625.00. Having reviewed the market, my firm has determined that my rate is within the market range charged by attorneys of comparable experience, expertise, and reputation for similar services in the San Francisco Bay Area.

25. The 2013-2016 rates that are sought herein for the work of HH attorneys represent only a modest increase over the rates that were approved by other courts as being reasonable in during the past few years. For example, in the *Jenkins, Shaghafi, Marr, and Palm* cases cited herein, those courts approved my hourly rate of $625. *See* **Exhibits HH02-HH05**, respectively, at which a true and correct copy of these orders is attached. In the *Jenkins* and *Shaghafi* cases, those Courts approved a rate of $375 as reasonable for Mr. Hicks, well over a year ago (in the case of *Shaghafi*, over two years ago) and prior to his being named a partner of HH. *See* **Exhibits HH02-HH03**. An increase in his hourly rate to $485 is reasonable, given that he has more than two years of additional experience and has been named a partner of HH in the time since the modest rate of $375 was approved in January 2014 in *Shaghafi*.

26. Class Counsel's hourly rates are reasonable in light of their significant experience, expertise, and skill.

27. HH has clients that pay these rates on an hourly, non-contingent basis. Even without accounting for contingent risk, Class Counsel's rates are well within the range of rates charged by similarly experienced and qualified attorneys practicing in this area.

**The number of hours claimed is reasonable.**

28. In the prosecution of this case, my firm and my co-counsel efficiently prosecuted this litigation and conducted relevant discovery.  Our firms worked together to divide assignments, avoid duplication of efforts, and accomplish all tasks in the most efficient manner possible.

29. Work was also performed efficiently within HH. I managed this case from within HH and personally oversaw and supervised Mr. Hicks, who in turn supervised the HH law clerks who worked on this case. Generally speaking, legal theories, model pleadings, and case strategy were developed by me as the handling partner and then circulated to our other attorneys and co-counsel

for further development. Time-intensive projects such as written discovery, communicating with CMs, and developing the factual record was performed mostly by Mr. Hicks and our law clerks. This internal allocation of work ensured that litigation tasks were performed at the appropriate billing rate.

30. My personal practice, and the practice at my firm, is to record time in tenth-of-an hour-increments or less, and to do so as contemporaneously as possible with the expenditure of the time by the attorney. Mr. Hicks keeps track of his time in real-time using an application on his iPhone, while the law clerks are instructed to do the same. These methods of recording time are generally followed in the legal community in the San Francisco Bay Area, and are more accurate than recording time by quarter-hour increments, which tends to inflate the amount of time billed for short telephone conferences and other short tasks.

**Class Counsel's claim for attorneys' fees is fully documented.**

31. A true and correct summary of the reasonable and necessary fees incurred by HH in this matter is attached as **Exhibit HH07.** (Summaries by each billing category are explained by and included with in the Declaration of Carolyn Hunt Cottrell, see Exhibits **SW01, SW08.**)  HH's total hours worked are 624.2 and total fees incurred are $188,358.50. Plaintiffs' claim for attorneys' fees is fully documented by detailed time records that show when and how each hour was spent. Class Counsel's time was carefully recorded in tenth-of-an-hour increments or in real-time, the most precise means of capturing the time expended. These time records are the best evidence of the time that this case has required. As shown in the declarations of Class Counsel submitted herewith, and as documented in billing records which Class Counsel are prepared to submit *in camera* at the Court's request, Class Counsel's hours are fully justified by the tremendous burden of nearly three years of intense, bitterly-contested litigation. Defendant's hyper-aggressive defense, Class Counsel's discovery/investigation burden, the time required to obtain and maintain FLSA collective action status in the face of adamant opposition as well as the demands of opposing numerous other motions, all demonstrate that Class Counsel's hours are reasonable.

**Class Counsel has exercised significant billing judgment.**

32. Class Counsel have reviewed their billing records and exercised billing judgment to ease the burden on the Court in deciding this Motion, and to excise inefficient or duplicative work,

clerical entries, and other billing entries. Specifically, when exercising billing discretion, Class Counsel identified a number of discrete billing activities – defined above – to exclude others from their time records. For example, HH is only billing hours spent during meetings between myself and Mr. Hicks at Mr. Hicks' lower rate, and not billing for my time in those meetings. I also eliminated other duplicative work that both Mr. Hicks and I performed as appropriate.

**Class Counsel's Costs are Reasonable and Compensable from the Settlement.**

33. A true and correct summary of the reasonable and necessary costs and expenses incurred by HH in this matter is attached as **Exhibit H06.** Invoices supporting these costs are also included. HH's total costs incurred totaled $2,309.70

34. Here, as Plaintiffs' reimbursable out-of-pocket expenses include the following filing and related fees and costs associated with notice facilitation and discovery. The total reimbursable costs incurred by all of Class Counsel are summarized and broken down in detail in the Declaration of Carolyn Hunt Cottrell concurrently filed herewith.

35. HH are entitled to an award of all of the above-listed and described costs. These expenses are reasonable and were necessary to the representation of Plaintiffs in these actions. Such expenses should be reimbursed to Class Counsel.


    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and is based upon my own personal knowledge. Executed in San Francisco, California on March 21, 2016.


                    /s/ *Richard A. Hoyer*
                    Richard A. Hoyer

Declaration of Richard A. Hoyer In Support Of Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Service Awards
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith et al. v. Sprint*, 3:14-CV-02642-VC