# EXHIBIT HH02



1  Richard A. Hoyer (SBN 151931)
     rhoyer@hoyerlaw.com
2  Ryan L. Hicks (SBN 260284)
     rhicks@hoyerlaw.com
3  HOYER & ASSOCIATES
   4 Embarcadero Center, Ste. 1400
4  San Francisco, CA 94111
   *tel* (415) 766-3539
5  *fax* (415) 276-1738
   Attorneys for Plaintiffs and the Proposed Settlement Class

6

7  (Additional counsel listed on the following page)

8              IN THE SUPERIOR COURT OF CALIFORNIA

9          ALAMEDA COUNTY, UNLIMITED JURISDICTION

10  MICHAEL JENKINS, JOHN P. MOORE,        Case No. RG12659632
    and DARNELL MCKINLEY on behalf of      ASSIGNED FOR ALL PURPOSES TO:
11  themselves and all others similarly situated,  JUDGE: Hon. George C. Hernandez, Jr.
                                            DEPT.: 17
12          Plaintiffs,
                                           [PROPOSED] ORDER AND
13  vs.                                     JUDGMENT

14  GOODWILL INDUSTRIES OF THE                 (1) GRANTING FINAL APPROVAL
    GREATER EAST BAY, INC. and DOES 1-            OF SETTLEMENT;
15  100,                                        (2) AWARDING ATTORNEYS'
                                                   FEES AND COSTS TO CLASS
16          Defendants.                            COUNSEL;
                                               (3) AWARDING REPRESENTATIVE
17                                                 ENHANCEMENT AWARDS;
                                                   AND,
18                                             (4) AWARDING REIMBURSEMENT
                                                   OF SETTLEMENT
19                                                 ADMINISTRATION COSTS

20                                          (SUPPORTING DECLARATIONS AND
                                            [PROPOSED] ORDER AND
21                                          JUDGMENT SUBMITTED
                                            CONCURRENTLY HEREWITH)

22                                          Date:  January 8, 2015
                                            Time:  2:30 p.m.
23                                          Reservation No.: R-1553865
                                            Action Commenced:  Dec. 13, 2012
24

ENDORSED
FILED
ALAMEDA COUNTY

JAN - 8 2015

CLERK OF THE SUPERIOR COURT
By YOLANDA ESTRADA
                           Deputy

BY FAX

DEC 30 2014

1   Michael S. Sorgen (SBN 43107)
      msorgen@sorgen.net
2   LAW OFFICES OF MICHAEL SORGEN
      1168 Miller Avenue
3   Berkeley, CA 94708
      T: 510.919.3586

4

5   Arcolina Panto (SBN 235786)
      arcolinapanto@gmail.com
6   PEOPLES LAW GROUP
      405 14th Street, Suite 1120
7   Oakland, CA 94612
      T: 510.420.8080

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1         This matter is before the Court on Plaintiffs' motion for final approval of a proposed

2    Class Action Settlement Agreement (the "Settlement Agreement") of the above-entitled case

3    (the "Class Action") entered into between representative Plaintiffs MICHAEL JENKINS,

4    JOHN P. MOORE, and DARNELL MCKINLEY ("Plaintiffs") and Defendant GOODWILL

5    INDUSTRIES OF THE GREATER EAST BAY, INC. (collectively "Defendant") as set forth in

6    the Settlement between the parties. The instant motion also seeks an award of attorneys'

7    fees and reasonable costs incurred by Class Counsel, Hoyer & Associates, the Law Offices

8    of Michael Sorgen, and Arcolina Panto, Esq., class representative enhancement payments

9    for the Plaintiffs, and reimbursement of settlement administration costs incurred by Rust

10    Consulting, Inc., the Court-appointed administrator of the Settlement, all as contemplated by

11    the Settlement. The parties appeared through their counsel. The entire matter of the

12    proposed Settlement having been duly noticed, and having been fully considered by the

13    Court, based upon the moving papers filed by Plaintiffs, the accompanying declarations and

14    exhibits filed therewith, and all other papers and records filed in this action, the Court finds

15    as follows:

16    1.    This Court hereby incorporates by reference the definitions in the Settlement

17         Agreement, and all terms used herein shall have the same meanings as set forth in

18         that Settlement Agreement.

19    2.    The proposed Settlement Agreement is the product of serious, informed, non-collusive

20         negotiations, has no obvious deficiencies, does not improperly grant preferential

21         treatment to class representatives or segments of the class, and is fair, reasonable,

22         and adequate in all respects.

23    3.    The Class Notice given to the Settlement Class Members fully and accurately informed

24         the class of all material elements of the proposed Settlement and of their opportunity

1   to object to or comment thereon; was the best notice practicable under the
2   circumstances; was valid, due, and sufficient notice to all Class Members; and
3   complied fully with the Code of Civil Procedure, the United States Constitution, due
4   process, and other applicable law. The Class Notice fairly and adequately described
5   the Settlement and provided Class Members adequate instructions and a variety of
6   means to obtain additional information. A full opportunity has been afforded to the
7   Class Members to participate in the Final Settlement Fairness Hearing.

8   4.   No objections have been made by any class member.

9   5.   The Settlement Administrator's estimated costs of $29,000 to be drawn from the Gross
10       Settlement Fund are reasonable and shall be paid to the Settlement Administrator out
11       of the Settlement funds.

12   6.   The three ~~$15,000~~ $10,000 Class Representative Enhancement Awards to be disbursed from
13       the Gross Settlement Fund, one to each of the plaintiffs, are warranted, fair and
14       reasonable given the nature and extent of Plaintiffs' involvement and contributions.

15   7.   The $285,000. (33.5% of the Gross Settlement Fund) allocated under the Settlement
16       Agreement for Class Counsel's award of attorneys' fees is warranted, fair, and
17       reasonable. Class Counsel capably represented the Settlement Class and negotiated
18       a settlement well-received by the Class Members and which has been approved by
19       this Court. The Court recognizes Class Counsel's diligent and vigorous representation
20       of the Plaintiffs and the best interests of the Class throughout this litigation. The case
21       presented novel issues of unsettled wage and hour law and the Court recognizes that
22       the Class Counsel worked diligently, responsibly, and with great care for the interests
23       of the Class. The attorneys of Hoyer & Associates, Arcolina Panto, and The Law
24       Offices of Michael Sorgen spent hundreds of hours bringing this case to a successful

resolution, with no guarantee of payment. Furthermore, the practices challenged in this lawsuit were discontinued during the course of this litigation.

    a.    Class Counsel's lodestar and attorney hours are reasonable.

    b.    Richard A. Hoyer's hourly rate of $625 is reasonable given his credentials and 23 years of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

    c.    Michael S. Sorgen's hourly rate of $650 is reasonable given his credentials and 45 years of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

    d.    Ryan L. Hicks' hourly rate of $375 is reasonable given his credentials and six years of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

    e.    Arcolina Panto's hourly rate of $475 is reasonable given her credentials and ten years of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

    f.    Jeremy Graham's hourly rate of $300 is reasonable given his credentials and ten years of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

    g.    Class Counsel's requested award of attorneys' fees is reasonable under the lodestar/multiplier analysis performed by the Court.

8.    Class Counsel's litigation costs of $16,604.35 are warranted, fair and reasonable and were necessary to the prosecution of this class action.

//

//

1  **IT IS HEREBY ORDERED** that:

2  1.   This Court approves the Settlement Agreement.

3  2.   This Court Orders payment of the Settlement Funds to be distributed in accordance

4       with the Settlement Agreement as follows:

5       a.   $285,000.00 to Hoyer & Associates for Class Counsel's reasonable attorneys'

6            fees;

7       b.   $16,604.35 to Class Counsel for reasonable litigation costs incurred during the

8            prosecution of this class action;

   *10,000*

9       c.   $15,000 each to the Class Representatives (MICHAEL JENKINS, JOHN P.

10           MOORE, and DARNELL MCKINLEY) as Class Representative Enhancement

   *$20,000.*

11           Awards, for a total of $45,000;

12      d.   $29,000 to Rust Consulting, Inc. for administration of the Settlement

13           Agreement;

14      e.   $10,000 to be allocated as settlement of the Private Attorneys' General Act

15           claims, with $7,500 of those funds to be paid to the California Labor Workforce

16           Development Agency, and the remaining $2,500 to be distributed to the

17           Settlement Class on a *pro rata* basis.

18      f.   The remainder of the Settlement Proceeds to the Net Settlement Consideration,

19           to be distributed to the Settlement Class Members in accordance with the terms

20           of the Settlement Agreement;

21      g.   Any funds not deposited by Settlement Class Members within the timeframe

22           established by the Settlement Agreement shall be redistributed to those

23           Settlement Class Members who did timely cash their checks on a *pro rata* basis

24           as contemplated by the Addendum to the Settlement Agreement;

h.    Any redistributed funds not deposited by Settlement Class Members within the timeframe established by the Settlement Agreement shall be redistributed to the *cy pres* beneficiary previously designated by the Court, The Impact Fund, pursuant to C.C.P. §384(b).

3.    Entry of this Final Approval Order and Judgment shall constitute a full and complete bar against the Settlement Class Members as to all the claims released by the Settlement Agreement.

4.    Nothing contained in the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order and Judgment, or any other order entered in this action shall constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Settlement Class, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Settlement Agreement or this Order and Judgment.

5.    By operation of the entry of this Final Approval Order and Judgment, as of the Effective Date, the Parties, Settlement Administrator, and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

6.    If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null

1    and void.

2    7.    This Court orders that ten percent ($28,500) of the attorneys' fees award be deposited

3          in an interest bearing account by Class Counsel, pending the submission and approval

4          of a final compliance status report after completion of the distribution process.

5    8.    (*IF THE COURT DEEMS AND INTERMEDIARY HEARING TO BE NECESSARY*)

6          This Court orders that a Compliance hearing be held on *May 12*, 2015,

7          at *2:30* (a.m./p.m.) in Department 17 of this Court, ~~reservation number R-~~.

8    9.    This Court further orders that a Final Compliance Hearing be held on

9          _____, 2015 at __:__ (a.m./p.m.) in Department 17 of this Court,

10         reservation number R-_____. Under the terms of the Settlement Agreement, the

11         Final Compliance Hearing cannot be held prior to 230 days after entry of this Order

12         and Judgment. Class Counsel must file the compliance status report(s) at least five

13         court days prior to the compliance hearing.

14

15   Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** THAT:

16   1.    Except as set forth above and in the Settlement Agreement, Plaintiffs and the

17         Participating Class Members shall take nothing by their Complaint in this action; and

18   2.    Pursuant to the Settlement Agreement and C.R.C. 3.769(h), the Court will retain

19         jurisdiction over the parties to enforce the terms of this Order and Judgment.

20   **IT IS SO ORDERED.**

21   Date: __1 / 8__, 2015

22                                          Hon. George C. Hernandez, Jr.
                                            Alameda Superior Court Judge
23

24

]PROPOSED] ORDER AND JUDGMENT                                              8
Case No. RG12659632

# EXHIBIT HH03

1   Richard A. Hoyer (SBN 151931)
      Rhoyer@hoyerlaw.com
2   Ryan L. Hicks (SBN 260284)
      Rhicks@hoyerlaw.com
3   HOYER & ASSOCIATES
    4 Embarcadero Center, Ste. 1400
4   San Francisco, CA 94111
    *tel* (415) 766-3539
5   *fax* (415) 276-1738

6   Attorneys for Plaintiffs

**ENDORSED**
**FILED**
ALAMEDA COUNTY

JAN 2 4 2014

K. McCoy, Exec. Off./Clerk

7              IN THE SUPERIOR COURT OF CALIFORNIA

8          ALAMEDA COUNTY, UNLIMITED JURISDICTION

9   MOHAMMED SHAGHAFI and LEONARD          Case No. RG12618899
    VAN DUSEN, on behalf of themselves and  ASSIGNED FOR ALL PURPOSES TO:
10  all others similarly situated,          JUDGE: Hon. Wynne Carvill
                                            DEPT.: 21
11  Plaintiffs,
                                            [PROPOSED] ORDER AND
12  v.                                      JUDGMENT GRANTING (1) FINAL
                                            APPROVAL OF SETTLEMENT; (2)
13  VALLEYCARE HEALTH SYSTEM,               AWARDING ATTORNEYS' FEES AND
    VALLEYCARE MEDICAL CENTER –             COSTS TO CLASS COUNSEL; (3)
14  LIVERMORE, VALLEYCARE MEDICAL           AWARDING REPRESENTATIVE
    CENTER – PLEASANTON, and DOES 1-        ENHANCEMENT AWARDS; AND (4)
15  25,                                     AWARDING REIMBURSEMENT OF
                                            SETTLEMENT ADMINISTRATION
16  Defendants.                             COSTS

17                                          Date:  January 24, 2014
                                            Time:  8:30 a.m.
18                                          Reservation No.: R-1448497
                                            Action Commenced:  Feb. 27, 2012
19                                          No Trial Date Set

20        This matter is before the Court on Plaintiffs' motion for final approval of a proposed

21  Class Action Settlement Agreement (the "Settlement Agreement") of the above-entitled

22  case (the "Class Action") entered into between representative Plaintiffs MOHAMMED

23  SHAGHAFI and LEONARD VAN DUSEN ("Plaintiffs") and Defendants VALLEYCARE

24  HEALTH SYSTEM, VALLEYCARE MEDICAL CENTER – LIVERMORE, VALLEYCARE

MEDICAL CENTER – PLEASANTON, and DOES 1-25 (collectively "Defendants") as set forth in the Settlement between the parties. The instant motion also seeks an award of attorneys' fees and reasonable costs incurred by Class Counsel, Hoyer & Associates and the Law Offices of Michael Sorgen, class representative enhancement payments for the plaintiffs, and reimbursement of settlement administration costs incurred by Rust Consulting, Inc., the Court-appointed administrator of the Settlement, all as contemplated by the Settlement. The parties appeared through their counsel. The entire matter of the proposed Settlement having been duly noticed, and having been fully considered by the Court, based upon the moving papers filed by Plaintiffs, the accompanying declarations and exhibits filed therewith, and all other papers and records filed in this action, the Court finds as follows:

1.  This Court hereby incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in that Settlement Agreement.

2.  The proposed Settlement Agreement is the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and is fair, reasonable, and adequate in all respects.

3.  The Class Notice given to the Settlement Class Members fully and accurately informed the class of all material elements of the proposed Settlement and of their opportunity to object to or comment thereon; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Class Members; and complied fully with the Code of Civil Procedure, the United States Constitution, due process, and other applicable law. The Class Notice fairly and adequately described

1    the Settlement and provided Class Members adequate instructions and a variety of

2    means to obtain additional information. A full opportunity has been afforded to the

3    Class Members to participate in the Final Settlement Fairness Hearing.

4    4.    No objections have been made by any class member.

5    5.    The Settlement Administrator's estimated costs of $10,000 to be drawn from the

6          Gross Settlement Fund are reasonable and shall be paid to the Settlement

7          Administrator out of the Settlement funds.

8    6.    The two $15,000 Class Representative Enhancement Awards to be disbursed from

9          the Gross Settlement Fund, one to each of the plaintiffs, are warranted, fair and

10         reasonable given the nature and extent of Plaintiffs' involvement and contributions.

11   7.    The $200,000. (43.5% of the Gross Settlement Fund) allocated under the Settlement

12         Agreement for Class Counsel's award of attorneys' fees is warranted, fair, and

13         reasonable. Class Counsel capably represented the Settlement Class and

14         negotiated a settlement well-received by the Class Members and which has been

15         approved by this Court. The Court recognizes Class Counsel's skillful and vigorous

16         representation of the Plaintiffs and the best interests of the Class throughout this

17         litigation. The case presented novel issues of unsettled wage and hour law and the

18         Court recognizes that the Class Counsel worked diligently, responsibly, and with

19         great care for the interests of the Class. The attorneys of Hoyer & Associates and

20         The Law Offices of Michael Sorgen spent hundreds of hours bringing this case to a

21         successful resolution, with no guarantee of payment. Furthermore, the practices

22         challenged in this lawsuit were discontinued during the course of this litigation.

23         a.    Class Counsel's lodestar and attorney hours are reasonable.

24         b.    Richard A. Hoyer's hourly rate of $625 is reasonable given his credentials and

[PROPOSED] ORDER GRANTING FINAL APPROVAL AND JUDGMENT                                    3
Case No. RG12618899

1     22 years of experience as compared with the prevailing rates of other similarly

2     qualified attorneys in the San Francisco Bay Area.

3   c.  Michael S. Sorgen's hourly rate of $650 is reasonable given his credentials

4     and 44 years of experience as compared with the prevailing rates of other

5     similarly qualified attorneys in the San Francisco Bay Area.

6   d.  Ryan L. Hicks' hourly rate of $375 is reasonable given his credentials and five

7     years of experience as compared with the prevailing rates of other similarly

8     qualified attorneys in the San Francisco Bay Area.

9   e.  Class Counsel's requested award of attorneys' fees is reasonable under the

10     lodestar/multiplier analysis performed by the Court.

11 8. Class Counsel's litigation costs of $7,230.89 are warranted, fair and reasonable and

12   were necessary to the prosecution of this class action.

13

14 IT IS HEREBY ORDERED that:

15

16 1. This Court appoints plaintiffs MOHAMMED SHAGHAFI and LEONARD VAN DUSEN

17   as Class Representatives for the purposes of this Settlement.

18 2. This Court appoints Richard A. Hoyer and Ryan L. Hicks, of Hoyer & Associates,

19   and Michael S. Sorgen, of the Law Offices of Michael Sorgen, as Class Counsel for

20   the purposes of this Settlement.

21 3. This Court approves the Settlement Agreement.

22 4. This Court Orders payment of the Settlement Funds to be distributed in accordance

23   with the Settlement Agreement as follows:

24

a.   $200,000.00 to Hoyer & Associates for Class Counsel's reasonable attorneys' fees;

b.   $7,230.89 to Class Counsel for reasonable litigation costs incurred during the prosecution of this class action;

c.   $15,000 each to the Class Representatives (MOHAMMED SHAGHAFI and LEONARD VAN DUSEN) as Class Representative Enhancement Awards, for a total of $30,000;

d.   $10,000 to Rust Consulting, Inc. for administration of the Settlement Agreement;

e.   $10,000 to be allocated as settlement of the Private Attorneys' General Act claims, with $7,500 of those funds to be paid to the California Labor Workforce Development Agency, and the remaining $2,500 to be distributed to the Settlement Class on a *pro rata* basis.

f.   The remainder of the Settlement Proceeds to the Net Settlement Consideration, to be distributed to the Settlement Class Members in accordance with the terms of the Settlement Agreement;

Any funds not deposited by Class Members Who Submitted Claims within the timeframe established by the Settlement Agreement shall be distributed to the *cy pres* beneficiary hereby designated by the Court, the Legal Aid Society – Employment Law Center, pursuant to C.C.P. §384(b).

5.   Entry of this Final Approval Order and Judgment shall constitute a full and complete bar against the Settlement Class Members as to all the claims released by the Settlement Agreement.

6.   Nothing contained in the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order and Judgment, or any other order entered in this action shall constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Settlement Class, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Settlement Agreement or this Order and Judgment.

7.   By operation of the entry of this Final Approval Order and Judgment, as of the Effective Date, the Parties, Settlement Administrator, and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

8.   If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

9.   This Court orders that ten percent ($20,000) of the attorneys' fees award be deposited in an interest bearing account by Class Counsel, pending the submission and approval of a final compliance status report after completion of the distribution process.

10.   This Court orders that the Final Compliance hearing be held on _AUGUST 22,_ 2014, at _9:00_ (a.m./~~p.m.~~) in Department 21 of this Court, ~~reservation number R-~~

_____. Under the terms of the Settlement Agreement, the Final Compliance Hearing cannot be held prior to 190 days after this Order and Judgment. Class Counsel must file the compliance status report at least five court days prior to the compliance hearing.

Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.   Except as set forth above and in the Settlement Agreement, Plaintiffs and the Participating Class Members shall take nothing by their Complaint in this action; and

2.   Pursuant to the Settlement Agreement and C.R.C. 3.769(h), the Court will retain jurisdiction over the parties to enforce the terms of this Order and Judgment.

**IT IS SO ORDERED.**

Date: January 24, 2014

Hon. Wynne Carvill
Alameda Superior Court Judge

# EXHIBIT HH04

DEC 1 4 2015

1   HOYER & ASSOCIATES
    Richard A. Hoyer (SBN 151931)
2   rhoyer@hoyerlaw.com
    David C. Lipps (SBN 269933)
3   dlipps@hoyerlaw.com
    4 Embarcadero Center, Suite 1400
4   San Francisco, CA  94111
    *tel* (415) 766-3539
5   *fax* (415) 276-1738

6   Attorneys for Plaintiff
    HUDSON MARR
7



F I L E D
Superior Court of California
County of San Francisco

DEC 1 6 2015

CLERK OF THE COURT
BY: _____
                Deputy Clerk

8               SUPERIOR COURT OF CALIFORNIA

9           IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11  HUDSON MARR, on behalf of himself, all
    others similarly situated, and the State of
12  California,

                        Plaintiff,
13

14                  vs.

15  POODLES, INC., KELLING KEVIN, INC.
    d/b/a ANIMAL INTERNAL MEDICINE &
16  SPECIALTY SERVICES, PATRICK &
    FRIENDS, INC. d/b/a ANIMAL
17  EMERGENCY SERVICES, ALL ANIMALS
    EMERGENCY HOSPITAL, INC., DR. JILL
18  WILLIAMSON, and DOES 1–25,

                        Defendants,
19

Case No. CGC-14-537154

[PROPOSED] ORDER GRANTING
FINAL APPROVAL OF CLASS
SETTLEMENT

Date:  December 2, 2015
Time:  9:30 a.m.
Dept.:  302
Reservation #: n/a (hearing set by court
order)

Filed:  February 4, 2014

20

21          This matter is before the Court on Plaintiff's motion for final approval of a proposed

22  class action Settlement Agreement (the "Settlement Agreement" or "Settlement") in the

23  above-entitled action (the "Class Action") entered into between representative plaintiff

24  Hudson Marr and all defendants: All Animals Emergency Hospital, Inc. ("AAEH"), Poodles,

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT                    1

1    Inc., Killing Kevin, Inc. d/b/a Animal Internal Medicine & Specialty Services ("AIMSS"),

2    Patrick & Friends, Inc. d/b/a Animal Emergency Services ("AES"), and Dr. Jill Williamson

3    ("Williamson") (collectively "Defendants").  The instant motion also seeks an award of

4    attorneys' fees and reasonable costs incurred by Class Counsel, Hoyer & Associates, a

5    class representative enhancement payment for the named Plaintiff, and reimbursement of

6    settlement administration costs incurred by Rust Consulting, Inc., the Court-appointed

7    Settlement Administrator, all as contemplated by the Settlement Agreement.

8          The parties appeared through their counsel for oral argument on December 6, 2015.

9    The entire matter of Plaintiff's motion for final approval, having been duly noticed, and

10    having been fully considered by the Court, based upon Plaintiff's moving papers, the

11    accompanying declarations and exhibits filed therewith, all other papers and records filed in

12    this action, and oral argument the Court finds as follows:

13    1.    This Court hereby incorporates by reference the definitions in the Settlement

14          Agreement, and all terms used herein shall have the same meanings as set forth in

15          that Settlement Agreement.

16    2.    The proposed Settlement Agreement is the product of serious, informed, non-

17          collusive negotiations, has no obvious deficiencies, does not improperly grant

18          preferential treatment to class representatives or segments of the class, and is fair,

19          reasonable, and adequate in all respects.

20    3.    The Class Notice given to the Potential Class Members fully and accurately informed

21          the class of all material elements of the proposed Settlement and of their opportunity

22          to object to or comment thereon; was the best notice practicable under the

23          circumstances; was valid, due, and sufficient notice to all Potential Class Members;

24          and complied fully with the Code of Civil Procedure, the United States Constitution,

1    due process, and other applicable law. The Class Notice fairly and adequately

2    described the Settlement and provided Potential Class Members adequate

3    instructions and a variety of means to obtain additional information.  A full

4    opportunity has been afforded to the Potential Class Members to participate in the

5    Final Settlement Hearing.

6    4.    No objections have been made by any Settlement Class Member.

7    5.    The Settlement Administrator's estimated costs of $7000 to be drawn from the Gross

8          Settlement Fund are reasonable and shall be paid to the Settlement Administrator

9          out of the Settlement funds.

10   6.    The $15,000 contemplated by the Settlement Agreement for Plaintiff's Service

11         Award shall be reduced to $10,000, which is fair and reasonable, and the remainder

12         allocated to the Net Settlement Fund.

13   7.    The $93,333 allocated under the Settlement Agreement for Class Counsel's award

14         of attorneys' fees is warranted, fair, and reasonable.  Class Counsel capably

15         represented the Settlement Class and negotiated a settlement well-received by the

16         Class Members, which has been approved by this Court.  The Court recognizes

17         Class Counsel's diligent and vigorous representation of the Plaintiffs and the best

18         interests of the Class throughout this litigation.  The case presented novel issues of

19         unsettled wage and hour law and the Court recognizes that the Class Counsel

20         worked diligently, responsibly, and with great care for the interests of the Class.  The

21         attorneys of Hoyer & Associates spent hundreds of hours bringing this case to a

22         successful resolution, with no guarantee of payment.  Furthermore, the practices

23         challenged in this lawsuit were discontinued during the course of this litigation.

24         a.    Class Counsel's lodestar and attorney hours are reasonable.

1        b.     Richard A. Hoyer's hourly rate of $625 is reasonable given his credentials and

2               24 years of experience as compared with the prevailing rates of other similarly

3               qualified attorneys in the San Francisco Bay Area.

4        c.     David C. Lipps' hourly rate of $325 is reasonable given his credentials and

5               five years of experience as compared with the prevailing rates of other

6               similarly qualified attorneys in the San Francisco Bay Area.

7        d.     Class Counsel's requested award of attorneys' fees is reasonable under the

8               lodestar/multiplier analysis performed by the Court.

9   8.     Class Counsel's litigation costs of $5569 are warranted, fair, and reasonable and

10       were necessary to the prosecution of this class action.

11

12   **IT IS HEREBY ORDERED** that:

13   1.     This Court approves the Settlement Agreement.

14   2.     This Court Orders payment of the Settlement Funds to be distributed in accordance

15       with the Settlement Agreement as follows:

16        a.     $10,000 to the California Labor and Workforce Development Agency;

17        b.     $7000 to Rust Consulting, Inc. for administration of the Settlement

18               Agreement;

19        c.     $10,000 to the Class Representative Hudson Marr as a Service Award;

20        d.     $93,333 to Hoyer & Associates for Class Counsel's reasonable attorneys'

21               fees;

22        e.     $5569 to Class Counsel for reasonable litigation costs incurred during the

23               prosecution of this class action;

24        f.     The remainder of the Settlement Fund to the Net Settlement Fund, to be

1    distributed to the Settlement Class Members in accordance with the terms of

2    the Settlement Agreement;

3    g.    Any funds not deposited by Settlement Class Members within the timeframe

4    established by the Settlement Agreement shall be redistributed to the *cy pres*

5    beneficiary previously designated by the Court, Bay Area Legal Aid, pursuant

6    to C.C.P. § 384(b).

7  3.  Entry of this Final Approval Order and Judgment shall constitute a full and complete

8    bar against the Settlement Class Members as to all claims released by the

9    Settlement Agreement.

10  4.  Nothing contained in the Settlement Agreement, the Preliminary Approval Order, this

11   Final Approval Order and Judgment, or any other order entered in this action shall

12   constitute an admission or determination of liability by or against Defendant, or any

13   other Released Parties with respect to any of the claims and causes of action

14   asserted by the Settlement Class, and shall not be offered in evidence in any action

15   or proceeding against Defendant, or any other Released Parties in any court,

16   administrative agency, or other tribunal for any purpose whatsoever, other than to

17   the extent necessary to enforce the provisions of the Settlement Agreement or this

18   Order and Judgment.

19  5.  By operation of the entry of this Final Approval Order and Judgment, as of the

20   Effective Date, the Parties, Settlement Administrator, and Settlement Class

21   Members are ordered to perform their respective duties and obligations under the

22   Settlement Agreement.

23  6.  If the Settlement does not become final and effective in accord with the terms of the

24   Settlement Agreement, then this Final Approval Order and Judgment shall be

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT          5

1   rendered null and void and shall be vacated and, in such event, all orders entered,

2   including but not limited to all releases delivered in connection herewith, shall be null

3   and void.

4

5   Now, therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

6   7.   Except as set forth above and in the Settlement Agreement, Plaintiff and the

7        Settlement Class Members shall take nothing by their Complaint in this action; and

8   8.   Pursuant to the Settlement Agreement and C.R.C. 3.769(h), the Court will retain

9        jurisdiction over the parties to enforce the terms of this Order and Judgment.

10

11  Date:   12/16/15                    IT IS SO ORDERED.

12

13                                      _____
                                        Judge of the Superior Court
14  ///                                 **HAROLD KAHN**

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT                    6

1  Approved as to form:

2

3  Date:  12/10/15                    JACKSON LEWIS P.C.

4

5                                     _____
                                      Punam Sarad
6                                     Angel Sevilla
                                      Attorneys for Defendants
7                                     POODLES, INC. d/b/a ANIMAL
                                      INTERNAL MEDICINE & SPECIALTY
8                                     SERVICES; PATRICK & FRIENDS d/b/a
                                      ANIMAL EMERGENCY SERVICES; DR.
9                                     JILL WILLIAMSON; and KILLING KEVIN,
                                      INC.

10

11
   Date:                             Paul R. Perdue
12

13

14                                    _____
                                      Attorney for Defendant
15                                    ALL ANIMALS EMERGENCY HOSPITAL,
                                      INC.

16

17

18

19

20

21

22

23

24

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT                    7

1  Approved as to form:

2

3  Date:                                          JACKSON LEWIS P.C.

4

5                                                 _____
                                                  Punam Sarad
6                                                 Angel Sevilla
                                                  Attorneys for Defendants
7                                                 POODLES, INC. d/b/a ANIMAL
                                                  INTERNAL MEDICINE & SPECIALTY
8                                                 SERVICES; PATRICK & FRIENDS d/b/a
                                                  ANIMAL EMERGENCY SERVICES; DR.
9                                                 JILL WILLIAMSON; and KILLING KEVIN,
                                                  INC.

10

11
    Date:   2 December 2015                        Paul R. Perdue
12

13                                                 _____
                                                  Attorney for Defendant
14                                                ALL ANIMALS EMERGENCY HOSPITAL,
                                                  INC.
15

16

17

18

19

20

21

22

23

24

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT                    7

# EXHIBIT HH05

1  HOYER & ASSOCIATES
   Richard A. Hoyer (SBN 151931)
2  rhoyer@hoyerlaw.com
   David C. Lipps (SBN 269933)
3  dlipps@hoyerlaw.com
   4 Embarcadero Center, Ste. 1400
4  San Francisco, CA 94111
   *tel* (415) 766-3535
5  *fax* (415) 276-1738

6  Attorneys for Plaintiff
   AARON PALM

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  AARON PALM, on behalf of himself and all        Case No. 12-cv-01250-JCS
    others similarly situated,
12                                                   **[PROSED] ORDER GRANTING
                          Plaintiffs,                FINAL APPROVAL OF CLASS
13                                                   SETTLEMENT AGREEMENT,
                          vs.                        ENHANCEMENT AWARD,
14                                                   ATTORNEY'S FEES, AND COSTS**
    SUR LA TABLE, INC., a Corporation, and
15  DOES 1–25                                        **FINAL JUDGMENT**

16                        Defendants,                Date:  November 22, 2013
                                                     Time:  9:30 a.m.
17                                                   Dept.: SF, 15th Fl., Crtrm. G
                                                     Judge: Hon. Joseph C. Spero
18

19       Based upon Plaintiff's Motion for Final Approval of Class Action Settlement and

20  Motion for Enhancement Award, Attorney's Fees, and Costs, its accompanying declarations

21  and exhibits filed therewith, and all other papers and records filed in this action, the Court

22  finds as follows:

23  1.      This Court hereby incorporates by reference the definitions in the Settlement

24          Agreement, and all terms used herein shall have the same meanings as set forth in

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS**                                      1
**SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS**

1     that Settlement Agreement.

2   2.   The proposed Stipulation of Settlement ("Settlement Agreement") is the product of

3     serious, informed, noncollusive negotiations, has no obvious deficiencies, does not

4     improperly grant preferential treatment to class representatives or segments of the

5     class, and is fair, reasonable, and adequate in all respects.

6   3.   The Class Notice given to the Settlement Class Members fully and accurately

7     informed the class of all material elements of the proposed Settlement and of their

8     opportunity to object to or comment thereon; was the best notice practicable under

9     the circumstances; was valid, due, and sufficient notice to all Class Members; and

10     complied fully with the Federal Rules of Civil Procedure, the United States

11     Constitution, due process, and other applicable law. The Class Notice fairly and

12     adequately described the Settlement and provided Class Members adequate

13     instructions and a variety of means to obtain additional information. A full

14     opportunity has been afforded to the Class Members to participate in the Final

15     Settlement Fairness Hearing.

16   4.   No objections have been made by any class member.

17   5.   The Class Administrator's estimated costs of $30,000 are reasonable.

18   6.   The ~~$15,000~~ $5,000. - JCS enhancement award allocated under the Settlement Agreement to

19     Plaintiff is warranted, fair, and reasonable given the nature and extent of Plaintiff's

20     involvement.

21   7.   The $250,000 allocated under the Settlement Agreement for Class Counsel's

22     attorney's fees is warranted, fair, and reasonable. The attorneys of Hoyer &

23     Associates spent hundreds of hours bringing this case to a successful resolution, all

24     without any guarantee of payment.

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS
SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS   2

a.  Class Counsel's attorney hours are reasonable.

b.  Richard A. Hoyer's hourly rate of $625 is reasonable given his credentials and breadth of experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

c.  David C. Lipps's hourly rate of $325 is reasonable given his credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

d.  Ryan L. Hicks's hourly rate of $375 is reasonable given his credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

e.  Allison Donahoe's hourly rate of $295 is reasonable given her credentials and experience as compared with the prevailing rates of other similarly qualified attorneys in the San Francisco Bay Area.

8.  Class Counsel's litigation costs of $31,751.75 is warranted, fair, and reasonable.

**IT IS HEREBY ORDERED** that:

1.  This Court appoints Plaintiff Aaron Palm as class representative.

2.  This Court appoints Richard A. Hoyer, his associate David C. Lipps, and the law firm of Hoyer & Associates as class counsel.

3.  This Court approves the Settlement Agreement.

4.  The Court orders payment of the Settlement Funds to be distributed in accordance with the Settlement Agreement as follows:

a.  $7500 to the Labor and Workforce Development Agency for payments under the PAGA;

b.    $30,000 to Rust Consulting, Inc. for administration of the settlement;

$5,000. - JCS

c.    ~~$15,000~~ to Class Representative Plaintiff Aaron Palm as an enhancement award;

d.    $250,000 to Class Counsel Hoyer & Associates for reasonable attorney's fees;

e.    $31,751.75 to Class Counsel Hoyer & Associates for reasonable litigation costs;

$275,748.25- JCS

f.    ~~$ 265,748.25~~ to the Net Settlement Fund, to be distributed to the Settlement Class in accordance with the terms of the Settlement Agreement;

g.    Any funds not deposited by class members within the timeframe established by the Settlement Agreement shall be distributed to the *cy pres* beneficiary, Bay Area Legal Aid.

5.    Entry of this Final Approval Order and Judgment shall constitute a full and complete bar against the Settlement Class Members, as to all the claims released by the Settlement Agreement.

6.    Nothing contained in the Settlement Agreement, the Preliminary Approval Order, this Final Approval Order and Judgment, or any other order entered in this action shall constitute an admission or determination of liability by or against Defendant, or any other Released Parties with respect to any of the claims and causes of action asserted by the Settlement Class, and shall not be offered in evidence in any action or proceeding against Defendant, or any other Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to the extent necessary to enforce the provisions of the Settlement Agreement or this Order and Judgment

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS
SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS

4

7.  By operation of the entry of this Final Approval Order and Judgment, as of the Effective Date, the Parties, Settlement Administrator, and Settlement Class Members are ordered to perform their respective duties and obligations under the Settlement Agreement.

8.  If the Settlement does not become final and effective in accord with the terms of the Settlement Agreement, then this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, all orders entered, including but not limited to all releases delivered in connection herewith, shall be null and void.

## JUDGMENT

In accordance with, and for the reasons stated in the foregoing Final Approval Order, judgment shall be entered whereby Plaintiff and all Settlement Class Members shall take nothing from Defendant by this action, except as expressly set forth in the Settlement Agreement. The Court shall have continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement in accordance with its terms, and over the administration and distribution of the settlement funds.

Date:  11/22/13

IT IS SO ORDERED

IT IS SO ORDERED
AS MODIFIED

Judge Joseph C. Spero

Hon. Joseph C. Spero
United States Magistrate Judge

[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS
SETTLEMENT AGREEMENT, ENHANCEMENT AWARD, ATTORNEY'S FEES, AND COSTS

5

# EXHIBIT HH06

## Costs Summary
## Hoyer & Hicks

| **Description** | **Amount** |
|---|---|
| Filing Fees | $154.70 |
| Messenger Services | $515.00 |
| Overnight Mail & Bulk Mail | $1,640.00 |
| **TOTAL** | **$2,309.70** |

# ONE LEGAL LLC

**CONFIRMATION FOR COURTESY COPY** **DELIVERY**

This is not an Invoice



| ONE LEGAL CONFIRMATION FOR ORDER NO.: 1629011 | DATE: 10/14/2014 |
|---|---|

| | | |
|---|---|---|
| **Customer:** | Hoyer & Associates | **Attorney:** Ryan L Hicks |
| **Customer No.:** | 0050683 | **Attorney e-mail:** rhicks@hoyerlaw.com |
| **Address:** | 4 Embarcadero Center | **Contact:** Ryan L Hicks |
| | 14th Floor San Francisco, | **Contact e-mail:** rhicks@hoyerlaw.com |
| | CA 94111 | **Contact Phone:** 415-766-3536 |
| | | **Contact Fax:** |
| | | **Law Firm File No.:** Sprint |

**CASE INFORMATION:**

| | |
|---|---|
| **Case Number:** | 3:13-cv-04357-VC |
| **County:** | San Francisco |
| **Court:** | Northern District of California - District - San Francisco |
| **Case Short Title:** | Guilbaud et al vs. Sprint Nextel Corpo et al |

| **DOCUMENTS RECEIVED:** | **No. Docs:** 1 | **No. Pgs:** 16 |
|---|---|---|

Letter re: FLSA Notice, Ex 1 Plaintiffs' Proposed Notice, Ex 2 Plaintiffs' Proposed Opt In Form, Ex 3 Meet and Confer Correspondence

**Confirmation Report. DO NOT PAY. An Invoice will be sent later.**

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA for caption pages 5:30 PM. Order Status: Assignment Completed | Courtesy Copy Delivery | 26.95 |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** | **Total:** 26.95 |

Thank you for choosing One Legal.  If you have any questions about this assignment, please contact:
Customer Support | Phone:  1-800-938-8815

# ONE LEGAL LLC

**CONFIRMATION FOR COURTESY COPY DELIVERY**



### This is not an Invoice

| ONE LEGAL CONFIRMATION FOR ORDER NO.: 1633677 | DATE: 1/20/2015 |
|---|---|

| | | | |
|---|---|---|---|
| **Customer:** | Hoyer & Associates | **Attorney:** | Ryan L Hicks |
| **Customer No.:** | 0050683 | **Attorney e-mail:** | rhicks@hoyerlaw.com |
| **Address:** | 4 Embarcadero Center | **Contact:** | Ryan L Hicks |
| | 14th Floor San Francisco, | **Contact e-mail:** | rhicks@hoyerlaw.com |
| | CA 94111 | **Contact Phone:** | 415-766-3536 |
| | | **Contact Fax:** | |
| | | **Law Firm File No.:** | Sprint |

**CASE INFORMATION:**

| | |
|---|---|
| **Case Number:** | 3:13-cv-04357-VC |
| **County:** | San Francisco |
| **Court:** | Northern District of California - District - San Francisco |
| **Case Short Title:** | Guilbaud et al vs. Sprint Nextel Corpo et al |

| DOCUMENTS RECEIVED: | No. Docs: 2 | No. Pgs: 11 |
|---|---|---|

Response to Notice of Related Case, Righetti Declaration ISO Response to Notice of Related Case

### Confirmation Report. DO NOT PAY. An Invoice will be sent later.

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| Order Status: Assignment Completed | Courtesy Copy Delivery | 26.95 |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** | **Total:** 26.95 |

Thank you for choosing One Legal. If you have any questions about this assignment, please contact:
Customer Support | Phone: 1-800-938-8815



# Sales Order

504 Redwood Blvd.
Suite 223
Novato CA 94947
415-491-0606
TIN: 26-0259046

| Date | 2/20/2015 |
|---|---|
| Acct. No. | 0050683 |
| Order # | 7526577 |
| Due Date | |

**Bill To**

Hoyer & Associates
Accounting
4 Embarcadero Center
14th Floor
San Francisco CA 94111

| | |
|---|---|
| Sales Order: | 7526577 |
| Firm Contact: | Ryan L Hicks |
| Filer Name: | Ryan L Hicks |
| Billing Code: | Sprint |
| Plaintiff: | Viet Bui |
| Defendant: | SPrint/United Management Company, Inc. |
| Documents: | Reply ISO Mx Intervene, Cottrell Declaration, Proof of Service |
| Court Branch: | United States District Court, Eastern District of California |
| Target: | |
| **Served:** | |
| **Serve Info:** | |

| Item | Amount |
|---|---|
| **Court Filing Area Surcharge** | **19.95** |
| **Courtesy Copy with Filing Service** | **26.95** |
| | |
| **Total** | **$46.90** |

Statutory court fees and witness fees disbursed on your behalf are
assessed a 2.6% convenience fee for processing and collecting
these disbursements. The convenience fee is waived if you elect the
ACH payment service.

**Balance Due**        **$**

# ONE LEGAL LLC

**CONFIRMATION FOR**
**COURTESY COPY DELIVERY**

This is not an Invoice



| ONE LEGAL CONFIRMATION FOR ORDER NO.: 1639254 | DATE: 4/6/2015 |
|---|---|

| | | | |
|---|---|---|---|
| **Customer:** | Hoyer & Associates | **Attorney:** | Ryan L Hicks |
| **Customer No.:** | 0050683 | **Attorney e-mail:** | rhicks@hoyerlaw.com |
| **Address:** | 4 Embarcadero Center | **Contact:** | Ryan L Hicks |
| | 14th Floor San Francisco, | **Contact e-mail:** | rhicks@hoyerlaw.com |
| | CA  94111 | **Contact Phone:** | 415-766-3536 |
| | | **Contact Fax:** | |
| | | **Law Firm File No.:** | Sprint |

| CASE INFORMATION: |
|---|

| | |
|---|---|
| **Case Number:** | 3:13-cv-04357-VC |
| **County:** | San Francisco |
| **Court:** | Northern District of California - District - San Francisco |
| **Case Short Title:** | Guilbaud et al vs. Sprint Nextel Corpo et al |

| DOCUMENTS RECEIVED: | No. Docs: 1 | No. Pgs: 8 |
|---|---|---|

Notice of Withdrawal of Opt In Plaintiff, Declaration of Rick Darr

**Confirmation Report. DO NOT PAY. An Invoice will be sent later.**

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| ETA for caption pages 5:30 PM. Order Status: Assignment Completed | Courtesy Copy Delivery | 26.95 |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** | **Total:** 26.95 |

Thank you for choosing One Legal.  If you have any questions about this assignment, please contact:
Customer Support | Phone:  1-800-938-8815

# ONE LEGAL LLC

## CONFIRMATION FOR
## COURTESY COPYDELIVERY



### This is not an Invoice

| ONE LEGAL CONFIRMATION FOR ORDER NO.: 1645654 | DATE: 7/2/2015 |
|---|---|

| | | | |
|---|---|---|---|
| **Customer:** | Hoyer & Associates | **Attorney:** | Ryan L Hicks |
| **Customer No.:** | 0050683 | **Attorney e-mail:** | rhicks@hoyerlaw.com |
| **Address:** | 4 Embarcadero Center | **Contact:** | Ryan L Hicks |
| | 14th Floor San Francisco, | **Contact e-mail:** | rhicks@hoyerlaw.com |
| | CA  94111 | **Contact Phone:** | 415-766-3536 |
| | | **Contact Fax:** | |
| | | **Law Firm File No.:** | Sprint |

**CASE INFORMATION:**

| | |
|---|---|
| **Case Number:** | 3:13-cv-04357-VC |
| **County:** | San Francisco |
| **Court:** | Northern District of California - District - San Francisco |
| **Case Short Title:** | Guilbaud et al vs. Sprint Nextel Corpo et al |

| DOCUMENTS RECEIVED: | No. Docs: 1 | No. Pgs: 5 |
|---|---|---|

Notice of Pendency of Other Action

### Confirmation Report. DO NOT PAY. An Invoice will be sent later.

| Notes: | Services: | Summary of Charges: |
|---|---|---|
| Order Status: Assignment Completed | Courtesy Copy Delivery | 26.95 |
| **Services will be invoiced later.** | **DO NOT PAY NOW.** Total: | 26.95 |

Thank you for choosing One Legal.  If you have any questions about this assignment, please contact:
Customer Support | Phone:  1-800-938-8815

**CAPITOL COURIERS, INC**

3000 T Street, Suite 200
Sacramento, CA 95816
(916) 451-3697
Tax ID No: 01-0709796

# INVOICE

| DATE | INVOICE# |
|------|----------|
| 1/31/2015 | 18651 |

**PAID**
**01/28/2015**

| Bill To |
|---------|
| Hoyer & Associates<br>Four Embarcadero Center Suite 1400<br>San Francisco, CA  94111<br>Attn: Ryan Hicks |

| TERMS |
|-------|
|       |

| DATE | DESCRIPTION | BILL REF # | QTY | RATE | AMOUNT |
|------|-------------|-----------|-----|------|--------|
| 1/27/2015 | USDC<br>Take petitions to the court. | | | 75.00 | 75.00 |
| | Advance Fees<br>Advance Fee Charge | | | 400.00<br>10.00% | 400.00<br>40.00 |

It's been a pleasure working with you!

| **Total** | $515.00 |
|-----------|---------|
| **Payments/Credits** | -$515.00 |
| **Balance Due** | $0.00 |

| Fax # |
|-------|
| 916.451.3794 |

# Thank you for Choosing DocuSign

## Your order is complete.

## Order Details

Selected Plan

### DocuSign Professional

with 1 users, billed annually

**Total: $240.00**

Paid with: Visa ending 3906

Purchase Date: 2/6/15 11:00 AM

Print Your Purchase Confirmation

## Account Information

| | |
|---|---|
| Name: | Ryan Hicks |
| Address: | 4 Embarcadero Center, Suite 1400 |
| | San Francisco, California |
| | US |
| Email: | rhicks@hoyerlaw.com |
| Account ID: | 501e2653-e1d9-49fb-a8d8-77c2812699f8 |

Important Information about your DocuSign Subscription

# Payment: P-00782450

Status: **Processed**

| | |
|---|---|
| Payment Date: | 04/23/2015 |
| Customer Account: | A00167786 |
| Type of Payment: | Electronic Payment |
| | Credit Card Visa ************3906 [View Detail] |

**View Detail**

| | |
|---|---|
| Payment Method: | Payment Method Type:      Credit Card |
| | Credit Card Type:      Visa |
| | Card Number:      ************3906 |
| | Bank Identification Number:      491987 |
| | Expiration Date:      03/2018 |
| | Card Holder Name:      Richard Hoyer |
| | Last Transaction:      ✔ Approved  04/23/2015 |

| | |
|---|---|
| Payment Total: | 1,400.00 USD |
| Applied to Invoices: | 1,400.00 USD |
| Credit Balance Adjustment Amount: | 0.00 USD |

| | |
|---|---|
| Reference ID: | 4298195438655000002457 |

# EXHIBIT HH07

# Hoyer & Hicks
# Billing By Timekeeper

| Partners | | Hourly Rate | Hours | Total |
|---|---|---|---|---|
| Richard A. Hoyer | RAH | $625.00 | 24.1 | $15,062.50 |
| Ryan L. Hicks | RLH | $485.00 | 248.6 | $120,571.00 |
| **Subtotal** | | | | **$135,633.50** |
| | | | | |
| **Paralegals/Legal Secretaries/Clerks** | | | | |
| Amy Brandt | AB | $150.00 | 84.3 | $12,645.00 |
| Christy Gately | CG | $150.00 | 44.5 | $6,675.00 |
| Jerel Agatep | JA | $150.00 | 94.2 | $14,130.00 |
| Riley Moyer | RM | $150.00 | 40.2 | $6,030.00 |
| Saurabh Dhamdhere | SD | $150.00 | 88.3 | $13,245.00 |
| **Subtotal** | | | | **$52,725.00** |
| | | | | |
| **TOTAL** | | | **624.2** | **$188,358.50** |