# EXHIBIT RG01

Todd M. Schneider (SBN 158253)
Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
tschneider@schneiderwallace.com
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Attorneys for Plaintiffs and the Settlement Collective and Settlement Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA GUILBAUD, MARQUES LILLY, AND MICHAEL WONG, and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>SPRINT NEXTEL CORPORATION AND SPRINT/UNITED MANAGEMENT CO., INC.,<br><br>    Defendants. | **Lead Case**<br>CASE NO. 3:13-CV-04357-VC<br><br>Hon. Vince Chhabria<br><br>*Consolidated with*<br><br>CASE NO. 3:14-CV-02642-VC<br><br>Hon. Vince Chhabria |
| MICHAEL SMITH, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>SPRINT/UNITED MANAGEMENT COMPANY,<br><br>    Defendant. | **DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS** |

[ADDITIONAL PLAINTIFFS' COUNSEL ON FOLLOWING PAGE]

---

1   Matthew Righetti (SBN 121012)
    John Glugoski (SBN 191551)
2   Michael Righetti (SBN 258541)
    RIGHETTI GLUGOSKI, P.C.
3   456 Montgomery Street, Suite 1400
    San Francisco, California 94101
4   Telephone: (415) 983-0900
    Facsimile: (415) 397-9005
5   matt@righettilaw.com
    jglugoski@righettilaw.com
6   mike@righettilaw.com

7   Richard Hoyer (SBN 151931)
    Ryan L. Hicks (SBN 260284)
8   HOYER & HICKS
    Four Embarcadero Center, Suite 1400
9   San Francisco, California 94111
    Telephone: (415) 766-3536
10  Facsimile: (415) 276-1738
    rhoyer@hoyerlaw.com
11  rhicks@hoyerlaw.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

I, MATTHEW RIGHETTI, declare that:

1. I make this declaration of my personal knowledge and could testify thereto if called as a witness.

**EDUCATION AND EXPERIENCE**

2. I graduated from the University of California at Berkeley in 1982 with a degree in Economics. I then graduated from the University of San Francisco School of Law in 1985. I am admitted to practice law before the following courts: A) United States Courts of Appeal in the Ninth Circuit, the Fourth Circuit and the Federal Circuit; B) United States District Courts in the Northern, Central, Eastern, and Southern Districts of California, and the Northern District of Illinois, and C) all of California's state courts.

3. I have been practicing law full time for the past twenty-nine (29) years. My practice has been devoted to complex class action litigation for the past twenty-one years. Much of this litigation has involved class action prosecution of wage and hour laws (state and federal), state and federal privacy laws (FCRA and CCCRA) and consumer laws. A sampling of some of the more significant class action cases (including wage and hour litigation) handled by Righetti Glugoski, P.C., includes:

- Co-lead counsel in *Rocher v. Sav-On Drug Stores* (Hon. Victoria G. Chaney, Los Angeles County Superior Court); See, *Sav-On Drug Stores, Inc. v. Superior Court*, (2004) 34 Cal.4th 319 [in a seminal decision, the California Supreme Court unanimously overturned the Court of Appeal's decision to reverse certification]. The Sav-On litigation was settled after the first phase of trial.

- Counsel in *Gentry v. Circuit City Stores, Inc.*; See, *Gentry v. Superior Court*, (2007) 42 Cal.4th 443 (reversing the court of appeal, the California Supreme Court set forth the factors for trial courts to use in determining whether or not to enforce bans on class actions in employment arbitration agreements]. Plaintiff's counsel in an overtime class action

where the court of appeal's decision to enforce an employment agreement barring class actions was reversed by the California Supreme Court.

- Counsel in *Winfrey v. Chief Auto Parts*, a wage and hour class action where the trial court's order to deny certification was reversed by the First DCA.

- Counsel in *Crab Addison v. Superior Court*, (2008) 169 Cal.App.4th 958 [representing plaintiffs in wage and hour litigation where court of appeal affirms trial court decision compelling defendant to divulge names and contact information of all putative class members in wage and hour overtime action]. The trial court's subsequent order denying certification was reversed by the court of appeal on November 10, 2014 in a published decision. See, *Martinez v. Joe's Crab Shack Holdings*, Case B242807, Second Appellate District, Division Seven.

- Counsel in *Rutti v. Lojack Corp.*, Inc. (2010) 596 F.3d 1046 [Ninth Circuit grants petition for rehearing reversing district court's summary judgment order setting parameters for the de minimus doctrine and compensable "hours worked" under both state and federal law].

- Co-lead counsel in *In re Trans Union Privacy Litigation* (MDL, Northern District of Illinois) [Righetti Glugoski was appointed by the Hon. Marvin E. Aspen to serve as co-lead counsel in multidistrict litigation against Trans Union. The litigation focused on Trans Union's use of its vast database of financial information, which includes the confidential financial information of most adults in the United States, to create and sell "target marketing" lists to advertisers in violation of the FCRA. After nearly a decade of litigation the case resulted in a settlement with Trans Union valued at more than $100 million (including $75 million in cash). The settlement obtained final approval from the Hon. Robert Gettleman on September 17, 2008. In August 2009, all appeals of the order approving the settlement were dismissed and the settlement became final. Pursuant to the

terms of the settlement, credit monitoring relief is now being distributed to class members and a cash payment to class members is scheduled to take place after September 2010. We believe the Trans Union certified class is the largest class of individuals ever certified in the United States.

4. We acted as trial counsel in what we believe are the only four class action overtime cases ever to have been tried under the quantitative executive exemption standard articulated in *Ramirez v. Yosemite Water Company*, (1999) 20 Cal.4th 785. I was trial counsel in a class action tried in Los Angeles County Superior Court before the Hon. J. Stephen Czuleger, resulting in a finding that U-Haul had misclassified all California salaried "General Managers" as exempt from overtime. I was also trial counsel in a certified class action tried in San Diego County Superior Court before the Honorable Patricia Cowett, resulting in a judgment finding that Party City had misclassified salaried employees as exempt and an award of class wide damages, fees and costs. In the third case, I was trial counsel in the Sav-on overtime litigation where, following remand the courts of appeal, we completed the first phase of trial before the Honorable Victoria G. Chaney in Los Angeles County Superior Court (complex). The case was then settled before the second phase of trial. In the fourth trial I was class counsel in a certified class action against Taco Bell alleging that its restaurant general managers were misclassified as exempt under California law. The case was tried in the San Diego County Superior Court before the Hon. Kevin Enright and settled toward the end of the liability phase.

5. I regularly speak on panels that involve class action and employment issues. On average, I speak four or five times per year to organizations such as the American Conference Institute, California Employment Lawyers Association, Bridgeport CEB, Industrial Relations Association, and a wide range of Bar associations in California on class action issues involving matters such as trial methodology, class certification, discovery and privacy issues, arbitration agreements and releases, mediation and settlement and recent developments in the field.

6. Over the years litigating these kinds of cases, lawyers at Righetti Glugoski have developed a good deal of appellate experience. It is quite common for our class action cases to traverse through the appellate courts during the course of proceedings. We have also represented plaintiffs in many other appellate court decisions in state and federal court. Righetti Glugoski also represents various amicus groups on occasion in court of appeal proceedings. We have handled appeals throughout California and in the federal courts of the Ninth Circuit, the Seventh Circuit, the Fourth Circuit and the Federal Circuit.

7. I believe that my education and experience qualifies me to competently evaluate the claims, defenses, and risks presented by this case. I am co-lead counsel in this case, and I am intimately familiar with the facts and evidence. The procedural history as well as a summary of the work performed by Class Counsel is set forth in the Declarations of Carolyn Hunt Cottrell and Richard Hoyer, and I will not repeat the same facts here. This settlement represents a resolution of hard-fought wage and hour class action litigation. Even after deductions for attorney's fees and costs, the settlement provides an excellent result for class members in light of the nature of the damages and wrongs suffered by them. It is likely for this reason that there have been no objectors or opt outs to date. Additionally, a large number of Class and Collective Members have contacted Righetti Glugoski about the settlement, no one has expressed dissatisfaction. Indeed, each of the class members who have inquired about the settlement has reacted positively to the terms.

**REASONABLE HOURLY RATES**

8. While I am admittedly self-interested in this case – and I present this declaration as an advocate not an expert – the fact is that the fees being sought here are reasonable in light of the contingent nature of the fee, the risks presented by this litigation, the amount of work performed and the quality of work performed. We request the Court find reasonable the requested hourly rates of $750 for myself, $350 for Michael Righetti and $150 for paralegal work to be reasonable. As noted

4

DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Lead case *Guilbaud, et al. v. Sprint*, 3:13-CV-04357-VC consolidated with *Smith, et al. v. Sprint*, 3:14-CV-02642-VC

above, I graduated from the University of San Francisco School of Law in 1985 and have been practicing law full time for the past twenty-nine years. Attorney Michael Righetti is a 2008 graduate of USF School of Law and has been with Righetti Glugoski P.C. for 7 years. The requested rates for myself and Michael Righetti have been approved by trial courts in California (both county superior courts and federal district courts).

9. I have become familiar with the non-contingent market rates charged by attorneys in California, and the rates requested herein are in line with the market rates with other attorneys of similar skill and experience. I have obtained a familiarity with market rates for California attorneys in several ways, including: (1) researching fee rates; (2) handling attorneys' fee litigation; (3) discussing fees with other attorneys; (4) reviewing declarations regarding prevailing market rates in cases seeking fees; (5) reviewing attorneys' fee applications and court awards in other cases; and (6) reviewing surveys and articles in legal newspapers and treatises on attorney's fees.

10. Similar to the federal court process, many California superior court judges have adopted the percentage method for determining fee awards in class action settlements.  In *Albrecht v. Rite Aid*, (San Diego County Superior Court Case No. 729219) the Honorable J. Richard Haden awarded a 35% attorney fee request in an overtime exemption class action prosecuted by class counsel herein. A true and correct copy of this order is marked and attached hereto as **Exhibit RG02**.

11. Similarly in *Graubard v. Goodyear*, (Los Angeles Superior Court Case No. BC 230520), the Honorable Anthony J. Mohr awarded a 33 1/3% fee request in an overtime exemption class action lawsuit that settled before trial and was presented by class counsel herein. A true and correct copy of this order is marked and attached hereto as **Exhibit RG03**.

12. In *Crandall v. U-Haul*, (Los Angeles Superior Court Case No. BC 178775), the Honorable Stephen Czuleger awarded a 40% attorney fee request in an overtime exemption class action lawsuit

prosecuted by some of the same attorneys herein. A true and correct copy of this order is marked and attached hereto as **Exhibit RG04**.

13. In *Collins v. Aaron Brothers*, (Los Angeles Superior Court Case No. BC 208856), the Honorable Anthony Mohr awarded a 33 1/3% fee request in an overtime exemption class action lawsuit prosecuted by class counsel herein. A true and correct copy of this order is marked and attached hereto as **Exhibit RG05.**

14. In my experience fee awards are almost always determined based on current rates, such as the attorney's rate at the time a motion for fees is made rather than the historical rate at the time the work was performed.

15. This Court can appreciate that litigating a high-stakes case against a moneyed defendant, represented by a top-notch law firm, in an unsettled area of law is not appealing to most lawyers. Heightening the risk is the fact that the plaintiff's lawyer will have to finance the litigation. It is not a cause undertaken lightly.

16. One difficulty in determining the hourly rate of attorneys of similar skill and experience in the relevant community is the scarcity of hourly fee-paying clients in class action litigation. As a practical matter, few if any consumers or employees pay attorney's fees on an hourly basis for such extensive litigation. Thus, in such cases attorneys base their retainer agreements on a contingency fee relationship.

17. The work in this case involved a class action and California's wage and hour laws. Litigating a wage and hour class action through trial can take years and frequently requires the investment of hundreds of thousands of dollars in costs (in this case costs exceeded $100,000.00). This is a very difficult area of law and not within the knowledge of many lawyers as it requires a knowledge of the substantive law, class action procedure, law under the PAGA, enforcement positions of state and federal agencies and arbitration law. Class action work of this type requires specialized learning and

the willingness to take large risks. Plaintiffs' counsel used a high level of skill in the difficult questions that arose in this case.

18. A practice like ours can only properly litigate so many cases at one time. The requirements of this were significant. There is no question that we were precluded from taking other cases, and in fact, had to turn away other meritorious fee generating cases in order to meet the demands of this case.

19. Plaintiffs' counsel was paid nothing along the way and had to pay considerable expenses for costs. For these reasons, as well as those submitted by my co-counsel in their declarations, I believe a thirty-three percent fee -- cross-checked with a reasonable lodestar -- is warranted in this case as opposed to the "benchmark" twenty-five percent rate.

## **LITIGATION EFFORTS**

20. In preparing this fee application, I reviewed the firm's time records, files and emails. Based on my review of these records, I can attest that all of the time set forth was reasonably devoted to pursuing the Class and Collective Members' interests and otherwise would have been billed to a fee-paying client.  Counsel spent a substantial amount of time in this case conducting investigations, research, speaking with class members and managing a database of class member information.  This was a highly motivated group of current and former employees, and a substantial number of Class and Collective Members displayed an active interest in pursuing the claims asserted. A true and correct copy of Righetti Glugoski's billing entries are being submitted to the Court for in camera review by way of separate administration motion.   To summarize, under a strict lodestar, the fees expended to date by Righetti Glugoski using the requested rates equal $433,775.00.  The total hours expended by Righetti Glugoski, P.C. was 933.3 hours. The hours expended are neither duplicative nor unreasonable. A true and correct summary of the reasonable and necessary fees incurred by my firm

in this matter is attached as **Exhibit RG07.** (Summaries by each billing category are more fully explained by and included with the Declaration of Carolyn Hunt Cottrell, **Exhibits SW01, SW08.)**

21. Though two attorneys from Righetti Glugoski, P.C. worked on this case, I believe the hours submitted are reasonable and non-duplicative. In fact, the numbers are conservative in that I edited the time records and hours to account for any duplicative work, and in complex wage and hour litigation of this nature, it is not unusual to have more than one attorney working on the same case.

22. Prosecution of this case resulted in tangible monetary and non-monetary benefits for the class members in the following respects: (1) By this settlement, Class and Collective Members will receive their recoveries over a reasonably short period of time as opposed to waiting additional years for the same, or possibly, a worse result; (2) Class and Collective Members will receive a guaranteed result that compares more favorably than many other similar class action settlements of this type; and (3) Settlement at this juncture will translate into significant savings in Class Counsel's fees and costs which would have only increased exponentially had the case progressed through trial and appeals.

23. Throughout this litigation, Plaintiff's counsel has made and continues to make extensive efforts to both answer questions from Class and Collective Members and to contact Class and Collective Members to inform them of their rights. In furtherance of this goal, Righetti Glugoski, P.C. returns numerous calls from class members who received notices about the settlement. Plaintiff's counsel has actively tried to make sure that all class members have been aware of the filing deadlines. In addition, Righetti Glugoski, P.C. has counseled class members with various questions on how and whether to participate in the settlement. This is commendable conduct, which is taking substantial time and effort.

### Counsel's Costs

24. Righetti Glugoski, P.C. requests reimbursement of litigation costs totaling $14,754.89. Righetti Glugoski reasonably incurred these costs in the prosecution of this matter. A true and correct

summary of the reasonable and necessary costs and expenses incurred by my firm in this matter is attached as **Exhibit RG06.** Invoices supporting these costs are also included.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21st day of March at San Francisco, CA.

By:    */s/ Matthew Righetti*
        Matthew Righetti
        Attorneys for Plaintiff
